HUGH LONEY, APPELLEE, v. MARTHA I. COURTNAY AND DOMINICK G. COURTNAY, APPELLANTS.

1. **Equity**: RULE APPLIED. The rule of equity is, that he who seeks equity must do equity. This rule will be applied wherever the adverse equity grows out of the very transaction before the court, or where it is so connected with the subject-matter of the action as to be presented in the pleadings and proofs, with full opportunity to the adverse party to explain or refute the claims.

2. **Mortgage**: VOID FORECLOSURE: REDEMPTION. · Where a sale was had under a void foreclosure of a mortgage of real estate, and a sheriff's deed executed, *Held*, That the mortgagor in an action to cancel the deed as a cloud upon his title must offer to do equity by paying what is equitably due under the decree, with interest and taxes.

3. ——: ——: ——. Where the decree was in part paid by other means, and the land was purchased by the mortgagee for considerably less than the amount of the decree, *Held*, That the mortgagor would be required to pay the purchase price, with interest and taxes.

4. ——: ——: ——. The fact that the defendants are donees of the mortgage—they being in fact the owners thereof —will not bar their rights to recover from the mortgagor what is equitably due, in an action to redeem.

APPEAL from the district court of Otoe county. Heard below before HAYWARD, J.

*D. G. Courtnay*, for appellants, cited: *Blazier v. Johnson*, 11 Neb., 404.

*Abbott & Lansing*, for appellee.

MAXWELL, J.

This is an action in equity to redeem certain real estate from an alleged void or voidable foreclosure. The plaintiff alleges in his petition "that he is the owner of the fol-

lowing described real estate lying and being in the county of Otoe and state of Nebraska, to-wit: the north half of the south-west quarter, and the north half of the south-east quarter of section five, in township seven north, of range nine east of the sixth principal meridian, according to the government survey of said state of Nebraska; that on the 4th of December, 1872, this plaintiff joined with one Thomas Price in the execution of two promissory notes to one Henry Atkins, one for the payment of one thousand dollars in two years from that date, and the other for the payment of one hundred and twenty dollars in one year from that date; that to secure the payment of said notes the plaintiffs made, executed, and delivered to said Atkins a mortgage upon the above described tracts of land, and at the same time and for the purpose of further securing the payment of said promissory notes to the said Atkins, the said Thomas Price also made, executed, and delivered to the said Atkins a mortgage upon certain other land in Lancaster county, Nebraska, and in which last mentioned mortgage the wife of Price joined. Plaintiff further represents, that long after the maturity of said notes, and while this plaintiff was a resident of Canada, to-wit, on the 22d day of January, 1876, the said Henry Atkins commenced proceedings in this (Otoe district) court to foreclose the mortgage as aforesaid upon the above described tracts of land in Otoe county, and that a decree was rendered in this court ordering said lands to be sold to pay the amount claimed by said Atkins; that said decree was rendered without any appearance therein by this plaintiff, or any one for him, and the same was rendered upon default; that afterwards said property was offered for sale under said decree, and the same was bid in by the said Martha I. Courtnay for the sum of $430; that afterwards said sale was confirmed, and the sheriff made, executed, and delivered to the said Martha I. Courtnay the usual sheriff's deed in and to said tracts of land, and which

said deed was long afterwards, to-wit, on the 14th day of June, 1880, duly filed for record in the office of the county clerk of said county, and by him duly recorded in book 8 of deeds, on page 277 thereof.

Plaintiff further charges that the only service of summons, and the only process by which it was claimed that he was brought into court in said cause was, by the publication of a printed notice to him, and that he had no knowledge of the pendency of said action, or of the existence of said pretended deed from the said sheriff to the defendant herein, until a short time since; that the said pretended service by publication was without authority of law, and that the court thereby acquired no jurisdiction to render said decree against this plaintiff, or to order the said sale of said tracts of land; that the affidavit upon which said publication was based did not state the facts required by law to authorize a service by publication; that said affidavit did not state that the defendants in that action were non-residents of the state of Nebraska, and that personal service of a summons could not be made on them within said state; that said affidavit did not show that said action was one of those in which the statute permitted service by publication to be had; that the notice based on said affidavit for publication contained no description of the property involved in said suit and sought to be appropriated therein, nor did said notice mention the court wherein the said action was filed; that said Martha I. Courtnay is the daughter of the said Henry Atkins, and that before said sheriff's pretended sale, and before the execution of the said pretended deed from the sheriff to her, the said Atkins had given, delivered, transferred, and donated said notes to the said Martha I. Courtnay, and that before said pretended sale took place the said Martha I. Courtnay was the real party in interest in said decree; that she paid no consideration for said tracts of land, and was not an innocent purchaser thereof, and that the amount

of her said bid at said pretended sale was simply credited on said decree, and was paid in no other way.

Plaintiff further represents that, long after the rendition of the above mentioned decree in this court, to-wit, on the 16th of August, 1879, the said Martha I. Courtnay, as the indorser, holder, and owner of said notes and of the securities therefor, commenced a suit in the district court of Lancaster county, Nebraska, against this plaintiff and the said Thomas Price and wife upon the same notes on which the said pretended judgment in this court was based, and asking therein for the full amount specified in said notes, with interest thereon, to-wit, for the full amount of one thousand dollars, with interest from December 4, 1874, on the one note, and for the full amount of one hundred and twenty dollars with interest from the 4th of December, 1873, on the other note, and further asking for a foreclosure of the said mortgage given by the said Price and wife upon certain land in said Lancaster county, to secure the payment thereof, as aforesaid; that personal service was had in said cause in Lancaster county upon said Price and wife; that they appeared in said suit and made defence thereto, and an issue of usury was joined, which was duly tried in said court; and the said court made a finding of the amount justly due on said notes, and rendered a decree on said finding, and that afterwards the said decree of the said district court of Lancaster county was fully paid, discharged, and satisfied.

There are other allegations in the petition, to which it is unnecessary to refer.

The prayer is for the setting aside of the sheriff's deed as a cloud upon the plaintiff's title, and for general relief.

The defendants filed an answer, to which it is unnecessary to refer.

On the trial of the cause a decree was entered in favor of the plaintiff, cancelling the sheriff's deed without payment of any part of the mortgage debt, but requiring the

plaintiff to pay the sum of $527.78, the amount of taxes and interest thereon due the defendants. Defendants appeal.

The action, while denominated one to quiet title to real estate, is in fact an action to redeem. The plaintiff comes into a court of equity asking relief, and in order to obtain it must himself do justice. The general rule governing courts of equity in granting equitable relief is, that whatever may be the nature of the relief sought by the plaintiff, the equitable rights of the defendant growing out of or intimately connected with the subject-matter of the action will be protected. Hence the maxim, "He who seeks equity must do equity," and the rule that a plaintiff to be entitled to equitable relief must come into court with clean hands. The equity rule will be applied wherever the adverse equity grows out of the very transaction before the court, or out of such circumstances as the record shows to be a part of its history, or where it is so connected with the cause in litigation as to be presented in the pleadings and proof, with full opportunity for the adverse party to explain or refute the charge. *Comstock v. Johnson*, 46 N. Y., 615. *Tripp v. Cook*, 26 Wend., 143. *McDonald v. Neilson*, 2 Cow., 139. *Casler v. Shipman*, 35 N. Y., 533. *Finch v. Finch*, 10 O. S., 501, 507. *Hanson v. Keating*, 4 Hare, 1, 5, 6. *Whitaker v. Hall*, 1 Glyn & J., 213. *Colvin v. Hartwell*, 5 Cl. & Fin., 484.

In the case under consideration the mortgage was given to secure a *bona fide* debt. This debt, to the extent of the purchase price of the land, under the decree has not been paid, if the deed in question is declared void. The plaintiff, however, ignores this demand. He makes no offer to pay what is equitably due the defendants upon the mortgage, and therefore is asking for equitable relief without offering to do equity. An action to remove a cloud from title falls under the equity rule, that the equitable rights of the defendant growing out of or connected with the sub-

ject-matter of the suit will be protected. Therefore, where the cloud arises by reason of a sheriff's deed upon a void foreclosure of mortgage, the plaintiff must pay the amount of the decree or of the purchase price at the sale, as the circumstances may be, to be entitled to relief. Ordinarily where the action is between the mortgagor and mortgagee, the plaintiff must pay the amount of the decree, interest, and costs. Where, however, a portion of the debt has been paid from other sources, as in this case, or the action is between the mortgagor and the purchaser at the sale, the sum to be paid would be the purchase price, not exceeding the amount of the decree, and interest thereon, with taxes, cost of necessary improvements, etc. In the case under consideration all of the debt seems to be paid except the purchase price under the decree. This, defendants are entitled to, with interest thereon. The plaintiff, therefore, within ten days from this date, may amend his petition by offering to pay the defendants the amount of the purchase price at the sale under the decree, and interest thereon, and upon such amendment being made a decree will be rendered in this court in favor of the defendants for the sum of $430 principal, together with lawful interest thereon from the date of said sale, which sums the plaintiff is required to pay in 90 days from this date, together with the amounts heretofore found due for taxes on said land, and in case said sums are not paid, said land shall be sold as in an action of foreclosure to satisfy said claims.

The objection that the defendants are donees of the mortgage, even if true, will not bar their right of recovery. The decree of the court below is modified to conform to this opinion.

JUDGMENT ACCORDINGLY.

THE other judges concur.