Stull v. Masilonka.

SEDGWICK, J., not sitting.

---

WILLIAM STULL V. AGGIE MASILONKA ET AL.*

FILED JUNE 22, 1905. No. 13,858.

1. **Decree: SUIT TO ANNUL: PARTIES.** In an action to set aside a decree of the district court affecting the title to real estate, a plaintiff cannot be permitted to recover, unless it appears from the pleadings and proof that he has some interest in the title to the property involved.

2. **Foreclosure: DECREE: VALIDITY.** The record and evidence examined,

* Rehearing denied. See opinion, p. 322, *post*.

and *held*, that the district court had acquired jurisdiction in the foreclosure proceedings pleaded and proved at the trial, and that the decree and sale thereunder were not void.

3. ——: ASSAILING TITLE: EQUITY. Where a valid real estate mortgage has been foreclosed, even though the foreclosure proceedings were void, neither the mortgagor nor a person claiming under him will be permitted to assail the title acquired through the foreclosure proceedings without offering to pay the amount of the decree and interest.

ERROR to the district court for Platte county: CONRAD HOLLENBECK, JUDGE. *Reversed with directions.*

*John J. Sullivan,* for plaintiff in error.

*A. M. Post, L. R. Latham* and *McAllister & Cornelius,* for defendants in error.

*Flansburg & Williams, amici curiæ.*

JACKSON, C.

This is a proceeding in error to reverse a judgment of the district court for Platte county. To insure a proper understanding of the issues involved, it seems necessary to make a detailed statement of the facts and conditions as they appear from the record. On December 5, 1894, Paul Masilonka borrowed of Stull Bros. $800. He gave his note secured by a real estate mortgage covering the west half of the northeast quarter of 18-19-2. A portion of the interest accruing on this loan was evidenced· by separate notes secured by a second mortgage. Paul Masilonka died intestate. Default was made in the payment of interest accruing on the loan, and on March 5, 1896, William Stull and Louis Stull,. partners as Stull Bros., commenced an action in the district court for Platte county, ·where the land is situate, for a foreclosure of the second mortgage. Among the defendants named in the petition were the unknown heirs of Paul Masilonka, deceased. In the body of the petition the land was described as the west

half of the northwest of 18-19-2.   The petition, however, recited the execution and delivery of the mortgage, and referred to a copy of the mortgage which was attached to the petition as an exhibit.   In the copy of the mortgage so attached the land was correctly described.   On April 13th following there was filed in the case the affidavit of William Stull, wherein he testified that he was a member of the firm of Stull Bros., plaintiffs in the above case; that said Paul Masilonka, deceased, was the maker of the note and mortgage sought to be foreclosed in this case; that said Paul Masilonka has departed this life, and has left surviving him certain heirs, who appear to have an interest in the premises described in the petition filed herein, and who are made defendants in this cause; and that the names and residences and whereabouts of said heirs are to the plaintiffs unknown; that service of summons cannot be had upon them except by publication. On the following day the district court for Platte county made an order providing for service by publication upon the defendants, the unknown heirs of Paul Masilonka.   A notice was published pursuant to the order of the court, and, among other things, contained a correct description of the land.   On November 16 of the same year the plaintiffs in the foreclosure proceedings filed an amended petition, similar to the original petition, except that the real estate was correctly described both in the body of the petition and in the copy of the mortgage attached, and that, in addition to naming the unknown heirs of Paul Masilonka, there was added, "unknown devisees of Paul Masilonka, deceased."   With the amended petition was filed another affidavit of William Stull, wherein he recited the death of Paul Masilonka, and that Masilonka left certain heirs and devisees, whose names and whereabouts were unknown to plaintiffs; that plaintiffs have made inquiry and have endeavored to ascertain the names and residences of said unknown heirs and devisees, but have been unable to ascertain the same.   This was followed by the publication of a new notice, regular in all

respects, except that the land was described therein as the west half of the northwest quarter of 18-19-2. The defendants defaulted, and on June 14, 1897, a decree of foreclosure was entered, and the property was sold to satisfy the decree, subject to the $800 mortgage; William Stull and Louis Stull being the purchasers at such sale. The sale was confirmed, and a deed was executed, delivered and recorded.

Thereafter, on the 14th day of July, 1898, William Stull and Louis Stull, partners as Stull Bros., filed a petition in the district court for Platte county against Agnes Masilonka, widow of Paul Masilonka, deceased, Anton Masilonka and his wife, Mary Winski and her husband, Anna Stempa and her husband, Aggie Masilonka, Kate Masilonka, John Masilonka, Valeria Masilonka, Sophia Masilonka and Paul Masilonka, minor heirs of Paul Masilonka, deceased. In this petition the execution and delivery of the mortgages above referred to were set out, together with the proceedings of foreclosure. It recited the death of Paul Masilonka, and that Agnes Masilonka, Anton Masilonka and his wife, Mary Winski and her husband, Anna Stempa and her husband, Aggie Masilonka, Kate Masilonka, John Masilonka, Valeria Masilonka, Sophia Masilonka and Paul Masilonka were the sole heirs of Paul Masilonka, deceased. It further recited that the plaintiffs had entered into the possession of the premises, and an error in the description of the property in the publication of the notice in the foreclosure proceedings; that, by reason of the error in the process, the defendants appeared to have an equity of redemption in the premises. The petition further recited that the mortgage indebtedness was still unpaid; prayed for the appointment of a guardian *ad litem* for the minor defendants; that a decree might be entered directing the defendants, within a short day, to be fixed by the court, to pay the plaintiffs the amount thereof, with interest, and that, upon failure to pay said amount within the time fixed, defendants be barred and foreclosed of all title, interest and equity of

redemption in the premises; further prayed that the title to the premises be forever quieted in the plaintiffs and their grantees. Proper service was had upon all of the defendants in this proceeding. A guardian *ad litem* was appointed for the minor defendants, who filed a general denial in their behalf. A default was entered as to the other defendants for want of appearance, and on November 15, 1898, the cause was tried to the court, and a decree entered in conformity with the prayer of the petition. The court found, among other things, that the plaintiffs had entered into the possession of the premises, and that they were then in possession; that they were entitled to a strict foreclosure of the equity of redemption, and a quieting of the title in and to said described premises; that the defendants had not redeemed from the sale, and had not paid the amount due the plaintiffs on their mortgage; and it was adjudged that if the defendants should fail for the space of 30 days from the entry of the decree to pay the plaintiffs herein the sum of $251, the amount of the original decree, with interest, the right, title, interest and equity of redemption of the defendants be forever foreclosed and barred, and, upon failure of the defendants to pay said sum as aforesaid, title to said premises is by this decree forever quieted in the plaintiffs herein and their grantees. No redemption was ever attempted or had. The property was conveyed by Stull Bros., and the title finally vested in Adam Peir, who purchased for a full consideration and without actual notice of the defect now alleged in the title.

Thereafter, on the 10th day of September, 1903, Aggie Masilonka, Kate Masilonka, Vera Kodzeij, John Masilonka, Sophia Masilonka and Paul Masilonka filed their petition in the district court for Platte county against Louis Stull and William Stull, partners doing business in the firm name of Stull Bros., Anton Masilonka, Mary Winski, Anna Stempa, Adam Peir and —— Peir, his wife, whose Christian name is unknown, and Israel Gluck; the petition being as follows:

"The plaintiffs herein complain of the defendants, and for cause of action allege:

"1. Plaintiffs and the defendants Anton Masilonka, Mary Winski and Anna Stempa were on the 14th day of July, 1898, the owners, by title in fee simple, as the joint tenants, of the west half of the northeast (N. E. ¼) quarter of section eighteen (18), in township nineteen (19) north of range two (2) west of the 6th principal meridian, in Platte county, Nebraska, subject to the estate for life therein of their mother, Agnes Masilonka. And upon the death of the said Agnes Masilonka, to wit, on the 8th day of February, 1899, plaintiffs and the defendants above named became, have been continuously since said date, and now are, seized of the full legal and equitable title of said premises.

"2. On the said 14th day of July, 1898, the said Louis Stull and William Stull filed in this court their petition against the plaintiffs herein, and the defendants Anton Masilonka, Mary Winski and Anna Stempa, impleaded with the said Agnes Masilonka, the object and prayer of which were to obtain a decree of strict foreclosure of a certain mortgage then existing upon the above described premises. Said suit was prosecuted to final decree on the 15th day of November, 1898, whereby the aforesaid defendants therein, owners of the above described property, were ordered to redeem said property by paying to the said Louis Stull and William Stull, within the period of 30 days from and after said date, the full amount of such mortgage debt, with interest thereon and expenses incurred on account thereof, to wit, the sum of $251. And it was by decree further ordered and adjudged that, upon the failure of such owners to so pay the said sum of $251, together with interest and cost of said suit, within the aforesaid period, the right, title, interest, and equity of redemption of such owners, and each thereof, in and to said property be forever barred and foreclosed, and the title thereto of the said Louis Stull and William Stull forever quieted and confirmed.

"3. The plaintiff, John Masilonka, and the defendant, Anton Masilonka, were personally served with summons notifying them of the pendency of said suit. Service in said cause was had upon the plaintiffs herein, Aggie Masilonka, Kate Masilonka, Sophia Masilonka and Paul Masilonka, and also upon the defendants herein, Mary Winski and Anna Stempa, by publication of notice in a newspaper of said Platte county, and not otherwise; no service whatever being had in said suit upon the plaintiff herein, Vera Kodzeji. No appearance was made in said suit by the defendants therein, plaintiffs and defendants in this cause, or either thereof, nor was any authorized appearance made therein in their behalf, or in behalf of either of them.

"4. Plaintiffs herein, and each thereof, were at the date of the decree aforesaid infants under the age of 17 years, and are each now within the age of 21 years. The said Henry C. Carrig is the duly appointed guardian of the said John Masilonka, Kate Masilonka and Paul Masilonka, and as such guardian and next friend of said infants prosecutes this suit in their behalf. The said Anton Masilonka, Mary Winski and Anna Stempa, having refused to join herein as plaintiffs, are accordingly made parties defendant hereto.

"5. The plaintiffs and defendants herein, owners of said property, have been at all times since the date of said decree, and now are, unable to comply with the terms and conditions thereof, and said decree remains unreversed and unsatisfied. The said Louis Stull and William Stull, upon the failure as aforesaid of the owners thereof to redeem said property within the period of 30 days from and after the entry of said decree, took possession of said property, claiming to own and hold the same by title absolute, and the said Stulls and their grantees have continuously since said date enjoyed the possession, rents and profits thereof. The defendants Israel Gluck, Adam Peir and —— Peir, his wife, whose first or Christian name is unknown to plaintiffs, claim an interest in said property

through certain mesne conveyances, as the successors of the said Louis Stull and William Stull.

"6. There is manifest error to the prejudice of these plaintiffs in the decree aforesaid and in the proceedings of said cause antecedent thereto, viz.: (1) The court failed to determine who among the defendants in said cause were infants, and failed to name or sufficiently describe the defendants for whom it assumed to appoint a guardian *ad litem.* (2) The appointment in said cause of a guardian *ad litem* for certain of the defendants therein, and the subsequent appearance in said cause of said guardian, are irregular and erroneous, for the reason that it does not appear for whom said guardian was appointed, or in whose name or interests he assumed to act. (3) The plaintiffs herein, and each thereof, although known by said Louis Stull at the date of said decree to be infants, were not represented in said cause, and their interests in the subject thereof were not protected. (4) The only object or purpose of said suit being to obtain a decree of strict foreclosure of a mortgage upon the real property hereinbefore described, at the date thereof owned and held by the defendants in said cause by title in fee simple, failed to state a cause of action against said defendants, or either thereof, and the court accordingly erred in adjudging that the plaintiffs, Louis Stull and William Stull, were entitled to any relief therein. (5) The plaintiffs in said cause, Louis Stull and William Stull, were not upon the facts alleged in their petition therein entitled to a decree of strict foreclosure against the defendants in said cause, owners and holders of the legal title of the real property in said petition described. (6) There is no authority of law for a decree of strict foreclosure against the holder of the legal title of the mortgaged property. (7) The guardian who appeared in said cause, by appointment of the court, negligently failed to guard or protect the interests of the infant defendants therein, in omitting to challenge the sufficiency of the petition of the plaintiffs therein. (8) And the plaintiffs

say that they·and their codefendants in said suit, the said Anton Masilonka, Mary Winski and Anna Stempa, had at the date of the decree aforesaid, and now have, by reason of the facts hereinbefore alleged and shown, a full, complete, and perfect defense to the aforesaid suit, and that said decree is as to these plaintiffs inequitable and erroneous. Wherefore plaintiffs pray, upon such terms and conditions as may be found reasonable and just: (1) That the decree hereinbefore mentioned may be vacated and wholly set aside, and that plaintiffs may be permitted to appear in said cause and make defense thereto. (2) That plaintiffs' title and interest in and to said real property be forever quieted and confirmed as against the defendants, William Stull and Louis Stull, and all persons claiming through and under them including the defendants Adam Peir and Israel Gluck. (3) That said premises be partitioned in the manner prescribed by law among the several owners thereof as their interests .may be made to appear. (4) That an account may be taken of the rents and profits of said premises for the period that the same have been occupied by the several defendants respectively, and that the plaintiffs may have judgment for the amount found in their favor. (5) For such other and further relief as may appear to be just and equitable in the premises."

To this petition William Stull answered, denying such allegations of the petition as were not admitted; setting up the foreclosure proceedings already described; the sale of the real estate thereunder, and the confirmation thereof, together with the subsequent action brought by them, and the decree of the court thereunder; the transfer of the real estate by the purchasers at the judicial sale; the payment of the $800 mortgage by one of the purchasers by renewal mortgage; and asked that the plaintiffs' petition be dismissed. Adam Peir, the present owner of the real estate, answered, challenging the authority of Henry C. Carrig as guardian for the minor plaintiffs, and also setting out the foreclosure proceedings, with a copy of the

decree therein; the sale of the real estate and the confirmation thereof; the subsequent proceedings by Stull Bros.; the sale by them of the real estate, and the final purchase by himself; and he also prayed the dismissal of the action. The defendants, Anton Masilonka, Mary Winski and Anna Stempa, answered by adopting the allegations of the petition and the prayer thereof. The plaintiffs, replying to the answer of William Stull, admitted the execution of the mortgage involved in the foreclosure proceedings; admitted the institution of the action to foreclose the mortgage, and the proceedings thereunder as herein stated, but denied the jurisdiction of the court in that action, and claimed that the proceedings were void. They admitted the conveyance of the property by Stull Bros., and the final conveyance to defendant, Peir. They also replied to the answer of Adam Peir substantially as they had replied to the answer of the defendant Stull. The defendant, Louis Stull, did not answer, and was defaulted. There was a hearing to the court, and a finding for the plaintiffs, setting aside the decree entered November 15, 1898, in the second action brought by Stull Bros.; directing that said action be placed upon the trial docket for hearing in its order; and requiring the defendants therein to answer within 30 days from that date. Separate motions for a new trial were filed by defendants, William Stull and Adam Peir, which were overruled, and they have brought the case to this court by petition in error.

The scope of inquiry may be embraced in two questions: First. Did the defendants in error, plaintiffs below, have an interest in the subject matter such as to entitle them to any relief whatever? Second. If they did have such interest, is their petition sufficient, under the facts disclosed by the record, to entitle them to the relief granted by the court below?

It will be observed that their prayer for relief consisted, first, of a request that the so-called decree of strict foreclosure be set aside, and that they be permitted to appear in that case and defend; second, that their title to the real

estate be quieted and confirmed as against the Stulls and all persons claiming through them, including the defendant, Adam Peir; third, that the premises be partitioned; and fourth, that an account should be taken of the rents and profits of the premises while in the possession of the defendants, and that they, have judgment therefor. The original foreclosure proceedings are nowhere referred to in the petition; such proceedings are not assailed, and no relief is asked as against such proceedings, it is evident, however, that the rights of the parties depend, to some extent at least, upon the validity of the foreclosure proceedings, and to that proceeding we will first devote our attention.

It is contended that the first notice to the unknown heirs of Paul Masilonka, deceased, was unauthorized and void for two reasons: First, because the affidavit of one of the plaintiffs that the names and whereabouts of the unknown heirs of Paul Masilonka were to the plaintiffs unknown is insufficient; that the affidavit of both plaintiffs is required. This contention cannot be sustained. The affidavit of William Stull recites that "the names and residences and whereabouts of said heirs are to the plaintiffs unknown." The trial court acted upon that affidavit and found it to be sufficient, and ordered service by publication on account thereof. The affidavit was positively sworn to, and contained the information upon which the court was authorized to act. The provisions of the code are to be liberally construed, with the view to promote its object and assist the parties in obtaining justice. Code, sec. 1. And second, because it is said that the affidavit was not attached to the petition as the statute required. The record does not disclose whether the affidavit was attached to the petition or not, and it is sufficient to say that, in the absence of direct proof to the contrary, the proceedings of the district court will be presumed to have been regular. We hold therefore that the district court acquired jurisdiction of the parties through the first notice in the foreclosure proceedings. The notice was com-

plete and ample to advise the parties in interest of the cause of action upon which the plaintiffs sought relief. It recited the date of the filing of the petition; the names of the plaintiffs; the court wherein the action was pending; that the plaintiffs were seeking the foreclosure of a mortgage; named the mortgagors and mortgagee; described the land upon which the mortgage was given; the notes secured by the mortgage; the amount due thereon; that the plaintiffs sought a decree of foreclosure, and that the premises might be sold; and correctly fixed the answer day.

The district court therefore having acquired jurisdiction of the parties, the inquiry next turns to the validity of the decree under the pleadings. It is said that the original petition was insufficient to support the decree because of the misdescription of the land in the body of the petition. The petition, however, referred to the mortgage, a copy of which was attached to the petition as an exhibit, and in the copy so attached the real estate was correctly described; and it is very doubtful whether this court would be justified in disturbing the decree had it been based upon this petition alone. No variance between the allegations in the petition and the proof is to be deemed material, unless it has actually misled the adverse party to his prejudice; and, whenever it is alleged that a party has been so misled, the fact must be proved to the satisfaction of the court, and it must also be shown in what respect he has been misled; and, whenever the variance is not material, as provided in the last section, the court may direct the fact to be found according to the evidence, and may order an immediate amendment, without costs. Code, secs. 138, 139. Furthermore, the property having been correctly described in one part of the petition, we think it would be a violation of the spirit of the code to hold that the decree is not supported by the original petition. However, the plaintiffs in the foreclosure proceedings filed an amended petition, setting out the same cause of action, and asking for the same relief. In the

amended petition the real estate was correctly described, both in the body of the petition and in the exhibit thereto attached. By section 144 of the code, it is provided that "the court may, either before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process, or proceeding, by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect." This section of the code authorized the correction of the error in the description of the real estate in the original petition by amendment, and such amendment was in no sense prejudicial to the defendants in that action; and a judgment founded upon the corrected petition, without notice other than the original notice, would, at the most, be a mere irregularity, and would not render the judgment void or open to collateral attack. We hold that by the foreclosure proceedings the heirs of Paul Masilonka were devested of their title to the real estate involved in this controversy, and for that reason the judgment of the district court here reviewed should be reversed.

There is another reason why the judgment cannot be sustained. The mortgage involved in the foreclosure proceeding was confessedly a valid mortgage; it has never been paid. The defendant, Adam Peir, has succeeded to all the rights of the mortgagee, and even though the foreclosure proceedings were held void, the mortgagor (in this case his heirs) will not be permitted, in equity, to avoid the effects of such foreclosure, without offering to pay what is equitably due under the decree, with interest. *Loncy v. Courtnay*, 24 Neb. 580; *Merriam v. Goodlett*, 36 Neb. 384; *Hall v. Hooper*, 47 Neb. 111.

We recommend that the judgment of the district court be reversed and that the cause be remanded, with directions to enter judgment in conformity with this opinion.

DUFFIE, C., concurs. ALBERT, C., not sitting.

By the Court: For the reasons stated in the foregoing

opinion, the judgment of the district court is reversed and the cause remanded, with directions to enter judgment in conformity with this opinion.

REVERSED WITH DIRECTIONS.

SEDGWICK, J., not sitting.

The following opinion on motion for rehearing was filed June 20, 1906. *Motion overruled:*

Constructive Service: STRICT CONSTRUCTION. Where a defendant is sought to be brought into court by some method prescribed by a statute, other than personal service, which notice may or may not reach him, and which is more or less unsatisfactory, the statutory provisions relating to such service are construed with strictness, and it is incumbent that all steps in the process required to be taken shall be followed with substantial accuracy. Former opinion modified accordingly.

LETTON, J.

The facts in this case are set forth at length in the former opinion, *ante,* p. 309. The defendants in error upon reargument urgently insist that this action is brought only for the purpose of reviewing the action to quiet title and for strict foreclosure, and that since in the petition in that case the Stulls alleged that the present plaintiffs "appeared to have an equity of redemption in the land," this was such an admission of the title of the present plaintiffs, and was so inconsistent with the assertion of any title in the Stulls under the first foreclosure proceedings, that they ought not to be allowed to object that the present plaintiffs have not a sufficient interest in the second proceeding for a strict foreclosure to enable them to maintain the present proceeding for a new trial therein.

It is further contended that the first foreclosure was void for want of proper affidavit for service by publication upon unknown heirs. In that portion of the former opinion treating of the validity of the affidavit for publication,

it is said: "The provisions of the code are to be liberally construed, with the view to promote its object and assist the parties in obtaining justice." While this is true as a general proposition, we think it is the rule, not only in this state, but in most jurisdictions, that, where a defendant is sought to be brought into court by some method prescribed by a statute, other than personal service, which notice may or may not reach him, and which is more or less unsatisfactory, the statutory provisions relating to such service are construed with strictness, and it is incumbent that all steps in the process required to be taken shall be followed with substantial accuracy, before the court will be held to have acquired jurisdiction of such a defendant. *Albers v. Kozeluh,* 68 Neb. 522; *Buchanan v. Edmisten,* 1 Neb. (Unof.) 429; *Omaha Savings Bank v. Rosewater,* 1 Neb. (Unof.) 723; *Boden v. Mier,* 71 Neb. 191. The former opinion therefore is so far modified.

We think, however, that this modification does not militate against the correctness of the position taken as to the validity of the service by publication. The affidavit for service upon unknown heirs states positively that the plaintiffs had no knowledge of the names and whereabouts of such heirs. The court might in its discretion have called for further proof of the facts alleged, but its judgment and order made with such proof before it are not void and open to collateral attack. Counsel has cited several cases from Wisconsin and Kentucky as upholding his contention that the affidavit was insufficient. In the Kentucky case it is held that an affidavit by only one of several plaintiffs is insufficient, but the allegations of the affidavit are not set forth in the opinion. In *Kane v. Rock River Canal Co.,* 15 Wis. *179, the affidavit of one of the plaintiffs merely stated that there were parties interested in the premises who were unknown. It did not even show that they were unknown to him, and the court said:

"The question then is, whether, where there are several complainants in a partition suit, an affidavit by one of them that there are parties interested who are unknown,

which by its most favorable construction can be only held to mean that they are only unknown to him, is sufficient to authorize an order of publication which will give jurisdiction over unknown owners, there being nothing to show that there were not other owners known to the other plaintiffs? We think it is not." This case is followed in *Mecklem v. Blake*, 19 Wis. 419, but the form of the affidavit is not set out in the opinion. These cases therefore are distinguishable from the one at bar.

Section 83 of the code providing for service upon unknown heirs provides that, if "it shall appear by the affidavit of the plaintiff annexed to his petition, that the names of such heirs or devisees, or any of them, and their residence are unknown to the plaintiff," etc. This affidavit therefore is evidently intended to be attached to the petition and presented to the court with the petition, so it may determine before making the order whether a cause of action exists against the unknown heirs, and whether the proof is sufficient to require an order to be made respecting service upon such persons. We see no good reason why one plaintiff should not make the affidavit, provided that he sufficiently shows lack of knowledge on the part of each of the other plaintiffs as to the names and residences of the unknown heirs, which under some circumstances one of the plaintiffs could no doubt do.

2. If the decree rendered in the first foreclosure proceeding was valid, and the sale thereunder barred and foreclosed all the interest of the plaintiffs herein in the land, the fact that the Stulls, after they had parted with the title which they acquired under the sale in the foreclosure proceedings, began an action to quiet their title by reason of what they erroneously thought was a defect in the original suit, and prayed for a strict foreclosure and a decree quieting their title, would in no wise harm or prejudice the plaintiffs herein. The decree in that case, though erroneous, would give them no new rights or revest them with the title which had been divested by the foreclosure proceedings in the first case. If they had personally ap-

peared and defended the second action they could not have prevailed, and neither can they if the decree be opened. Courts of review will not correct technical errors by which no one has been prejudiced, and a trial court will not grant a new trial for such reasons. While, under the old chancery practice, a decree of strict foreclosure would not bar an infant from showing cause against the same, and while this right is preserved in section 442 of the code, it is pointed out in *Manfull v. Graham,* 55 Neb. 645, that, where the title to land has passed by a sale under foreclosure proceedings, this right is not available to an infant.

To uphold the plaintiffs' contention we must ignore the first foreclosure proceedings. Though these proceedings were irregular in several respects, they were not void and are not subject to collateral attack. Further than this, the plaintiffs have pleaded no good grounds for opening up for review the first foreclosure proceedings, pleaded in the answer. This is essential whether the proceeding seeking to open up the decree is under the code provisions or by original action in equity. As long as the first decree must stand, to open the second for review would serve no good purpose.

The former opinion is adhered to, and the motion for rehearing

OVERRULED.