CHARLES A. CURRIER, APPELLANT, V. SETTY SCHMIDEKE TESKE ET AL., APPELLEES.*

FILED SEPTEMBER 16, 1908.    No. 15,245.

Mortgages: VOID DECREE: EJECTMENT: EQUITY.   Where a valid real estate mortgage has been foreclosed, even though the foreclosure proceedings were void, neither the mortgagor nor any one claiming under him will be permitted to assail the title acquired through the foreclosure proceedings without paying or tendering the amount of the decree and interest. *Stull v. Masilonka,* 74 Neb. 309, followed.

APPEAL from the district court for Madison county: JOHN F. BOYD, JUDGE. *Affirmed.*

*Willam V. Allen* and *Willis E. Reed,* for appellant.

*J. J. Sullivan* and *M. D. Tyler, contra.*

GOOD, C.

This is an action in ejectment. The land in controversy originally belonged to Eugene R. Currier. In 1873 Currier conveyed the land by .warranty deed directly to his wife, Mary J. Currier, for the nominal consideration of $1. Mrs. Currier and her husband then mortgaged the land to John Campbell. Shortly afterwards Mrs. Currier died intestate, leaving surviving her her husband and a son, Charles A. Currier, then about four years old, who is the plaintiff in this action. In 1881 the Campbell mortgage was foreclosed. In the foreclosure action Eugene R. Currier was made a defendant, but the son, Charles A. Currier, was not. A decree of foreclosure was entered,

---

*Rehearing allowed.  See opinion, 84 Neb. ——.

and was followed by a sale of the mortgaged premises to John Campbell. The court entered an order confirming the sale, and ordered a deed to be issued to the purchaser. The sheriff, however, executed the deed to Herman Schmideke. This appears to have been done pursuant to an arrangement made between Schmideke and Campbell, the purchaser at the sale. The amount found due by the court in the decree of foreclosure was $367.87. The amount bid at the judicial sale was $500. Schmideke paid to Campbell, or his representative, the $500, received a sheriff's deed, and immediately went into possession of the premises, claiming title thereto. From that time down to the present Schmideke and his heirs and devisees have been in continuous possession, claiming as owners. Herman Schmideke died in 1891 testate, leaving surviving him his widow, Setty Schmideke, and three minor sons. He devised one-half of his real estate to his wife and the remainder in equal shares to his children. Later Mrs. Schmideke was remarried to Gustav Teske. This action was brought by Charles A. Currier, claiming title through his mother. Mrs. Teske, formerly Mrs. Schmideke, and the three minor sons of Herman Schmideke, and others were made defendants. The answers of all the defendants contained a general denial, together with a plea of the statute of limitations. Certain other issues not necessary to be noticed were contained in the answers of the minors. At the conclusion of the evidence, the plaintiff moved the court to direct a verdict in his favor. Defendants made a like motion on their behalf. The court overruled the plaintiff's motion and sustained the defendants' motion, and directed a verdict for the defendants. From the judgment entered upon this verdict the plaintiff has appealed.

· The plaintiff claims to be the owner of the premises in controversy as the heir of his mother, Mary J. Currier, and that the foreclosure proceedings were absolutely void as to him, because he was not made a party, and that the sheriff's deed made to Herman Schmideke without any

order of court was void and conveyed no title whatever to Schmideke. It should also be noted that Eugene R. Currier died shortly after the commencement of this action. It is apparent that, if Mrs. Currier was the legal owner of the land at the time of her death, the plaintiff as her only heir at law became the owner thereof, subject only to the life estate of his father and to the lien of the mortgage. The conclusion reached, and hereinafter stated, renders it unnecessary to consider or discuss more than one of the numerous questions which have been ably argued and briefed on either side.

The defendants urge that they are mortgagees in possession, and that plaintiff cannot maintain this action until he has first paid or tendered the amount due upon the mortgage. The plaintiff in this action was not made a party in the foreclosure proceeding, and, if the title to the premises in controversy descended to the plaintiff as the heir of his mother (which we do not at this time decide), it would necessarily follow that the decree of foreclosure did not divest him of his title. Mr. Campbell was the purchaser at the sale had under the foreclosure proceedings. The sale to him was reported to the court, and an order of confirmation entered thereon and a deed ordered to the purchaser; that is, to Campbell. The sheriff did not make a deed to Campbell, but, instead, made and delivered one to Schmideke. It is elemental that a sheriff has no power or authority to convey premises in a foreclosure sale, except pursuant to an order of the court. The court made no order directing the sheriff to make a deed to Schmideke. The sheriff's action in making the deed to Schmideke was unauthorized, and was absolutely void, and the deed conveyed no title to Mr. Schmideke. The net result of the foreclosure proceeding was that Schmideke paid and Campbell received the full amount of the mortgage, and in equity Schmideke would become the owner of the Campbell mortgage. His position, therefore, after he had obtained possession of the land, was that of an equitable mortgagee in possession.

It is conceded that the mortgage was a valid one. In *Stull v. Masilonka*, 74 Neb. 309, it is said: "Where a valid real estate mortgage has been foreclosed, even though the foreclosure proceedings were void, neither the mortgagor nor a person claiming under him will be permitted to assail the title acquired through the foreclosure proceedings without offering to pay the amount of the decree and interest." To the same effect are *Loney v. Courtnay*, 24 Neb. 580, and *Hall v. Hooper*, 47 Neb. 111. Other authorities in point upon this question are *Backus v. Burke*, 63 Minn. 272; *Cooke v. Cooper*, 18 Or. 142, 17 Am. St. Rep. 709; *Rogers v. Benton*, 39 Minn. 39.

In the case at bar the plaintiff did not pay or offer to pay the amount of the decree of foreclosure, nor to discharge the mortgage lien. The defense here urged was absolutely good if the action brought had been one in equity to determine the title and recover the possession of the premises. We think the same defense must be held good in the legal action of ejectment, and that plaintiff was not in position to bring or maintain this action until he had first paid or tendered the amount that was due under the decree of foreclosure. In view of the conclusion reached, it is unnecessary to consider any of the other questions raised by the appeal. It is apparent that no other judgment could have been rendered than that entered by the district court, and we recommend that it be affirmed.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.