BARNEY McCABE, APPELLEE AND CROSS-APPELLEE, V. EQUI-
TABLE LAND COMPANY, APPELLANT; ROLLIN B. BAL-
LARD, INTERVENER, CROSS-APPELLANT.

FILED FEBRUARY 15, 1911. No. 16,267.

1. **Mortgages: CONSTRUCTIVE SERVICE: NAMES.** "For the purpose of
giving constructive notice to a defendant in a suit to foreclose
a mortgage, where he is not sued on a written instrument
signed by himself, his legal name includes his first Christian
name and surname." *Butler v. Smith*, 84 Neb. 78.

2. **Quieting Title: VOID FORECLOSURE PROCEEDINGS: RIGHTS OF MORT-
GAGOR.** If a valid real estate mortgage has been foreclosed, even
though the proceedings are void, the mortgagor will not be heard
to question the title acquired thereby unless he pays or tenders
the amount of the debt and interest.

3. ———: ———: ———. And if the purchaser subsequently pays
taxes levied on the land and delinquent, the mortgagor, as a
condition to equitable relief, will also be compelled to pay the
amount of those taxes. with interest.

4. ———: INTERVENTION: EVIDENCE. If a third person intervenes in
a suit wherein a mortgagor and mortgagee are litigating their
interests in real estate, and it appears that the land was con-
veyed to the intervener 18 years theretofore to secure payment
of his grantor's matured debt, and the intervener offers no evi-
dence to prove the amount thereof, but contends that he owns
the land by title in fee simple, a decree quieting title in the
plaintiff will not be disturbed on the intervener's appeal.

APPEAL from the district court for Box Butte county:
JAMES J. HARRINGTON, JUDGE. *Affirmed in part and re-
versed in part.*

*Albert W. Crites*, for appellant.

*A. W. Morrissey*, for cross-appellant.

*William M. Iodence, contra.*

ROOT, J.

This is an action to quiet in the plaintiff title to a tract
of land in Box Butte county. Rollin B. Ballard inter-

vened and also asserted title to the real estate. The plaintiff prevailed, and the intervener and the defendant severally appeal.

January 1, 1890, the plaintiff executed his promissory note, payable five years thereafter, to the McKinley-Lanning Loan & Trust Company, and to secure its payment mortgaged the land in suit. In 1891 the plaintiff conveyed the land by quitclaim deed to Rollin B. Ballard, a resident of Iowa. The defendant, the Equitable Land Company, became the owner of the mortgage debt, and in 1903 commenced an action to foreclose its lien. In the petition filed in that action R. B. Ballard and Barney McCabe are named as defendants. No process was served upon McCabe and the only notice given to Ballard was by publication. Neither of these defendants appeared in the action, nor does the proof show that they knew that it had been commenced, until long after judgment. In 1904 the land was purchased at sheriff's sale by the Equitable Land Company. The sheriff's deed and all of the other conveyances herein referred to were duly recorded. Since about 1899 the land has been used in connection with other tracts for pasturing sheep, but, except during a brief interval in 1898, the plaintiff has at all times, since the mortgage was executed, exercised complete dominion over the real estate. The plaintiff contends that the conveyance to Ballard was intended as a mortgage, that the demand secured thereby was largely fictitious and has been satisfied, and that the statute of limitations bars a foreclosure. The district court found generally in the plaintiff's favor and quieted his title to said premises.

We are satisfied that the conveyance to Ballard is a mortgage. In 1891 McCabe and Ballard were jointly engaged in purchasing, shipping and selling live stock in Iowa. Ballard's bookkeeper secured the conveyance while McCabe was ill. McCabe testified that he did not owe the amount set forth in the written defeasance signed by Ballard, and that Ballard subsequently collected partnership assets sufficient to pay the greater part of that debt.

There is no evidence to contradict McCabe. Ballard contends that he owns the land, and that McCabe had a mere right to repurchase it upon conditions which have not been performed. The pleadings gave ample notice of the plaintiff's contention, and since the amount actually due Ballard when the deed was made is in doubt, and we cannot find that fact from the evidence nor ascertain whether any part of the debt is yet unpaid, Mr. Ballard must take the consequences flowing from his attitude in failing to testify to the transactions.

Upon the defendant's appeal we find that it owned the note given by the plaintiff to the McKinley-Lanning Loan & Trust Company and has not parted with its title thereto, and that the debt has not been paid. Since process was not served upon McCabe in the foreclosure suit, he is not bound thereby. Ballard at all times has been a nonresident of Nebraska, and notice by publication to "R. B. Ballard" did not give the court jurisdiction over him. *Butler v. Smith*, 84 Neb. 78, and cases cited in that opinion.

The plaintiff not only asks the court to cancel the mortgage, but also assails the proceedings in the foreclosure suit. The purchaser at the sheriff's sale acquired the rights of the plaintiff, and of the defendants upon whom process was served. In the instant case the owner of the mortgage was that purchaser, so that it still owns the mortgage debt and the mortgage lien. This mortgage was valid in its inception, and capable of enforcement at the time the foreclosure proceedings were instituted. The mortgage debt has not been paid, nor has the mortgage been canceled or released. This court has uniformly held that, if a valid real estate mortgage has been foreclosed, the mortgagor will not be permitted to assail the title acquired thereby without first paying or offering to pay the mortgage debt. *Loney v. Courtnay*, 24 Neb. 580; *Stull v. Masilonka*, 74 Neb. 309; *Barney v. Chamberlain*, 85 Neb. 785. The plaintiff relies upon section 61a, ch. 73, Comp. St. 1909, but that act does not purport to authorize a court of equity to cancel void judicial proceedings without

imposing reasonable conditions upon a plaintiff seeking that relief.

The plaintiff argues that the defendant, by submitting its title to the court, waived the protection of the principles involved in these decisions, and that the court, independently of statute, had the right to annul the sheriff's deed without imposing conditions upon the mortgagor. The defendant did not come into court on its own motion, but appeared in response to a summons issued at the plaintiff's request. The decisions cited by the plaintiff to sustain his position, that the court should decree which party has the better title to the real estate, with one exception deal with cases where neither party objected to the jurisdiction of the court until after judgment, at which time the defeated party argued that the action should have been at law. The statute of limitations was not involved in any of these cases. *Peterson v. Ramsey,* 78 Neb. 235, does not modify or overrule *Loney v. Courtnay* or *Stull v. Masilonka, supra,* but the principles announced in these cases are approved.

The plaintiff has paid no part of the mortgage debt of $500, nor has he paid all of the taxes levied upon his land. The defendant, or those under whom it claims, have paid taxes as follows: $3.33 paid May 11, 1905; $24.48 paid September 25, 1903; $1.25 paid January 2, 1904; $1.33 paid April 20, 1905; and $1.65 paid March 15, 1906. Payment of the mortgage debt, with 7 per cent. annual interest thereon from January 1, 1890, and payment of the money paid as aforesaid for taxes, with like interest from the date of every payment, should have been made a condition precedent to granting the plaintiff equitable relief.

The decree, therefore, is affirmed upon the intervener's appeal, but reversed upon the defendant's appeal, with directions to enter a judgment in conformity with this opinion, and the defendant shall recover its costs.

JUDGMENT ACCORDINGLY.