JOHN M. WESTERFIELD, APPELLANT, V. LARDNER HOWELL ET AL., APPELLEES.

FILED FEBRUARY 15, 1911.  No. 16,294.

Quieting Title: VOID FORECLOSURE PROCEEDINGS: PURCHASE SUBJECT TO MORTGAGE. If a valid real estate mortgage has been foreclosed, even though the proceedings are void, one who purchased the equity of redemption subject to the mortgage will not be heard to question the title acquired by reason of those proceedings, unless he pays or tenders the amount of the mortgage debt and interest.

APPEAL from the district court for Lincoln county: HANSON M. GRIMES, JUDGE. *Affirmed.*

*Ellery H. Westerfield,* for appellant.

*A. Muldoon, contra.*

ROOT, J.

This is an action to quiet in the plaintiff title to a tract of land. The defendants prevailed, and the plaintiff appeals.

In 1892 the plaintiff purchased the land in controversy subject to a mortgage which was subsequently foreclosed. The defendants purchased the land at the sheriff's sale. The plaintiff asserts that in the foreclosure proceedings the court did not acquire jurisdiction over the real estate,

and that the decree and the sheriff's deed are void. The plaintiff does not contend that the mortgage was invalid, paid or satisfied at the time those proceedings were instituted, or that the mortgage debt has been paid, but relies upon section 61a, ch. 73, Comp. St. 1909, which provides for quieting title to real estate as against unenforceable liens. The plaintiff does not confine his petition to the mortgage lien, but assails the foreclosure proceedings and the sheriff's deed. He has not paid, nor does he offer to pay, the mortgage debt. The district court therefore was right in dismissing the petition. *Loney v. Courtnay*, 24 Neb. 580; *Stull v. Masilonka*, 74 Neb. 309; *Barney v. Chamberlain*, 85 Neb. 785.

The judgment of the district court is

AFFIRMED.