FRANK H. KAYLOR, APPELLANT, V. S. B. KELSEY ET AL.,
APPELLEES.

FILED MAY 13, 1912.   No. 16,698.

1. **Mortgages: Void Foreclosure: Rights of Subsequent Grantee.**
One who takes possession of real estate under mesne convey-
ances from a purchaser at a void foreclosure sale of a valid
mortgage is entitled to all of the rights of a mortgagee in pos-
session.

2. ——: ——: **Rights of Grantee of Mortgagor.** Where a valid
mortgage has been foreclosed, even though the foreclosure pro-
ceedings were void, neither the mortgagor nor a person claiming
under him will be permitted to assail the title acquired through
the foreclosure proceeding without offering to pay the amount
of the decree and interest. *Stull v. Masilonka*, 74 Neb. 309

APPEAL from the district court for Dundy county:
ROBERT C. ORR, JUDGE. *Affirmed.*

*Ralph D. Brown* and *Glenn N. Venrick*, for appellant.

*C. E. Eldred* and *C. H. Boyle*, contra.

BARNES, J.

Action in ejectment to recover the possession of the
south half of the south half of section 17, township 2,
range 36 west of the sixth P. M., in Dundy county, Ne-
braska. The petition contained two counts. One for the
possession of the premises, and the other for the rents
and profits thereof from the year 1906 to the commence-
ment of the action. The answer, in addition to a general
denial, contained allegations sufficient to constitute the
equitable defense available to a mortgagee in possession.
The reply was a general denial. The cause was tried to
the court without a jury. The trial resulted in a general
finding and a judgment thereon for the defendant, and
the plaintiff has appealed.

To secure a reversal plaintiff relies upon the single
assignment that "the judgment is contrary to the evidence
and the law applicable thereto."

It appears from the record that the plaintiff, then an unmarried man, was the owner of the land in question; that in the year 1888, for the consideration of $500, he executed a mortgage thereon, and immediately thereafter abandoned it; that since that time he has paid no taxes thereon; that he failed to pay either interest on the mortgage debt or the principal thereof, and on the 14th day of March, 1893, one Nancy E. Smith, as trustee, commenced an action in the district court for Dundy county to foreclose the mortgage; that service of summons was made by publication only; that the plaintiff herein, who was made a defendant in that action, then resided in Chase county, in this state; that he made no appearance, and such proceedings were had that a decree of foreclosure was entered therein, the property was thereafter sold under the decree to Nancy E. Smith, and upon confirmation of the sale a sheriff's deed was executed to her therefor. After receiving her sheriff's deed the purchaser paid the taxes from year to year, and finally leased the premises to one J. B. Stroup for the year beginning March 1, 1904, and ending March 1, 1905; that Stroup took possession of the premises under the written lease, fenced the same and occupied the land until his landlord sold and conveyed it by special warranty deed to one Lars Johnson; that Johnson, on the 26th day of September, 1905, sold and conveyed the same by deed of warranty to one Samuel Breeden, who took possession thereof, and on the 7th day of May, 1906, sold and conveyed the same by deed of warranty to the defendant S. B. Kelsey, who was in possession at the time this action was commenced.

The plaintiff testified that he had not sold or conveyed the land to any one; that after the foreclosure he supposed it was gone, and paid no attention to it until he was induced to bring this suit by one I. R. Darnell, who agreed to pay the costs, to hold the plaintiff harmless, and see that the suit did not cost him anything in consideration of receiving one-half of the results of the litigation.

It may be stated at the outset that the record suffi-

ciently shows that the decree of foreclosure was void for want of service, and therefore it will be assumed that the general finding for the defendant was founded upon the fact that he occupied the position of a mortgagee in possession, and plaintiff was not entitled to possession of the mortgaged premises until he had paid the mortgage debt. It is strenuously argued that the evidence shows that the purchaser at the foreclosure sale did not take immediate possession of the mortgaged premises, and does not show that she ever took possession thereof, and that a conveyance by a mortgagee, not in possession, does not operate as an assignment of the mortgage debt. It may be conceded that, if the defendant cannot successfully assert the rights of a mortgagee in possession, the judgment must be reversed. But to our minds the record contains sufficient evidence to support the finding that, at the time the purchaser at the void judicial sale conveyed the premises to her immediate grantee, she was in actual possession by and through her tenant, and her conveyance operated as an assignment of the mortgage debt. It follows that each subsequent conveyance of the premises, up to and including the deed to defendant Kelsey, under which he took possession of the premises, had that effect. *Currier v. Teske,* 82 Neb. 315. It being conceded that he was in possession when the action was commenced, he therefore occupied the position of a mortgagee in possession. The rule is well settled in this state that in such case the mortgagor will not be entitled to possession of the mortgaged premises until he has paid the amount of the void foreclosure decree with interest. In *Stull v. Masilonka,* 74 Neb. 309, it was said: "Where a valid real estate mortgage has been foreclosed, even though the foreclosure proceedings were void, neither the mortgagor nor a person claiming under him will be permitted to assail the title acquired through the foreclosure proceedings without offering to pay the amount of the decree and interest." The rule thus announced was followed and approved in *Currier v. Teske, supra.* In the case at bar it is not

claimed that the plaintiff ever offered to pay the amount of the void foreclosure decree with interest thereon, or the taxes paid by the defendant and his grantors.

It follows that the judgment of the district court was right, and it is therefore

AFFIRMED.