JASPER STATE BANK v. MRS. ETHEL BRASWELL ET AL.

No. 7321.   Decided January 12, 1938.
(111 S. W., 2d Series, 1079.)

*Richardson & Lanier,* of Jasper, *Jesse J. Lee* and *Williams, Lee, Sears & Kennerly,* all of Houston, for plaintiff in error.

It was error for the Court of Civil Appeals to hold that Mrs. Braswell was not required to pay or tender payment of her debt before she was entitled to a judgment for the possession of the land in controversy. Duke v. Reed, 64 Texas 705; Baker v. Collins, 23 S. W. 493; Stone v. Tilley, 100 Texas 489, 101 S. W. 201; 2 Jones on Mortgages (8th ed.) 212-221.

*Synnott & Smith,* of Jasper, for defendants in error.

Mrs. Braswell having proven herself to be the owner of the land in controversy, which was admitted by defendant, and the notes and liens plead by defendant being barred by limitation and nothing being pleaded to toll the statute or obligate her in law or equity to pay said obligation as a prerequisite to recovery or possession, the trial court rendered the proper judgment in her favor. Ellis v. LeBow, 74 S. W. 528; Johnson v. Johnson, 6 S. W. (2d) 175; Loving v. Milliken, 59 Texas 423; Bateson v. Choate & Hemphill, 85 Texas 239, 20 S. W. 64.

*Geo. T. Burgess* and *Raymond Edwards,* of Dallas, filed brief as amici curiae.

MR. PRESIDING JUDGE SMEDLEY delivered the opinion of the Commission of Appeals, Section B.

The Court of Civil Appeals affirmed a judgment of district court in favor of Mrs. Ethel Braswell, defendant in error, against Jasper State Bank, plaintiff in error, for the title to an undivided one-eighth interest in an improved lot in the town of Jasper in Jasper County and an undivided one-half interest in a section of land in Swisher County. 107 S. W. (2d) 681.

Mrs. Braswell acquired her interest in the Jasper County property by inheritance from her mother. The other interests in that property were owned one-fourth by J. M. Orton, Mrs. Braswell's father, and five-eighths to Robert Orton, Mrs. Braswell's brother. The undivided one-half interest in the Swisher County land was acquired by Mrs. Braswell from her aunt, Mrs. A. D. Wagley, who conveyed the land to Mrs. Braswell and her brother, Robert Orton, as a gift but with the aditional consideration recited in the deed that the grantees should assume the payment

of Mrs. Wagley's indebtedness to Jasper State Bank by reason of her indorsement of notes of J. M. and Robert Orton in the amount of approximately $17,500.00 and should give the bank a lien on the said property to secure such indebtedness.

J. M. Orton, Robert Orton and Kern L. Braswell, the husband of Mrs. Ethel Braswell, were engaged in the drug business and became indebted to Jasper State Bank in the total principal sum of approximately $17,500.00, evidenced by their four notes executed in the latter part of 1930 and the early part of 1931, one for $6,500.00 due June 26, 1931, one for $1,725.00 due July 21, 1931, one for $1,450.00 due June 18, 1931, and the fourth for $7,900.00, due October 4, 1931. Each of the four notes was signed by the two Ortons, Kern L. Braswell and Mrs. A. D. Wagley, and the fourth was signed also by Mrs. Braswell. On April 4, 1931, J. M. Orton, Robert Orton, Kern L. Braswell and Mrs. Braswell executed and regularly acknowledged a deed of trust conveying the property in Jasper County to a trustee to secure the payment of the above described notes; and on July 7, 1931, the day on which the Swisher County land was conveyed by Mrs. Wagley to Robert Orton and Mrs. Braswell, another deed of trust was executed and regularly acknowledged by Robert Orton and Mr. and Mrs. Braswell conveying the Swisher County land to the same trustee to secure the payment of the same four notes. The Jasper County property was encumbered by a deed of trust given in 1925 as security for an indebtedness of $12,500.00 payable in ten annual installments to the Southwestern Life Insurance Company.

J. M. Orton, Robert Orton and Kern L. Braswell were adjudged bankrupts on June 8, 1932. After proof was made of the claims of Jasper State Bank and the Southwestern Life Insurance Company, the land in Swisher County and the property in Jasper County were sold free of liens by the trustee in bankruptcy and the sales duly confirmed. Both tracts were purchased by Jasper State Bank, the Swisher County land for $6,400.00, to be credited on the claim, and the assumption of all taxes, and the Jasper County property for $5,000.00, to be credited on the claim, the assumption and payment of a balance of $6,600.00 due on the claim of the Southwestern Life Insurance Company and the assumption of all taxes. It was further provided by the orders and by the deeds made by the trustee in bankruptcy to Jasper State Bank pursuant to said orders that the purchaser should make no further claim against the estate. The trustee's deeds, which were executed August 30, 1932, do not describe the property conveyed as undivided interests, but merely describe the land. Jasper State Bank paid the $6,600.00 to the Southwest-

ern Life Insurance Company and immediately after its purchase took possession of both tracts, claiming them by virtue of the purchase and under the trustee's deed, and has since had exclusive possession, claiming ownership in fee. Possession was not taken with the consent of Mrs. Braswell nor under any agreement with her. There is no evidence that she ever made any objection to the bank's possession before the filing of this suit. The bank after its purchase collected rents from the land in Swisher County, as well as from the property in Jasper County, made improvements for the preservation of the property in Jasper County, kept it insured and paid all taxes on it. It is correctly stated in the opinion of the Court of Civil Appeals that the undisputed facts show that Jasper State Bank took possession of the two tracts of land in the belief that it acquired a fee simple title to all interests therein under its deeds from the trustee, that it held possession under that belief at a time when none of the notes was barred by limitation, and with the knowledge of Mrs. Braswell and her husband continued in possession, collected the rents, paid the taxes and made the improvements.

Jasper State Bank pleaded the facts above detailed, particularly its ownership of the unpaid notes secured by liens against the two tracts of land, its possession and the expenditures made, as equities sufficient to defeat recovery by Mrs. Braswell or to require payment of her pro rata of the amount due on the notes as a condition precedent to recovery. In reply Mrs. Braswell pleaded that the notes and the liens securing them were barred by limitation.

It is apparent that the important question presented is whether the bank was at the time the suit was filed a mortgagee lawfully in possession entitled to retain possession against Mrs. Braswell until she paid her pro rata part of the indebtedness against the property.

■■ The deeds of trust executed by Mrs. Braswell with joinder by her husband created valid liens against her interests in the two tracts of land. Article 1299, Revised Civil Statutes of 1925; Red River National Bank v. Ferguson, 109 Texas 287, 293, 206 S. W. 923; Kellett v. Trice, 95 Texas 160, 168, 66 S. W. 51; Bernard v. Jefferson County Improvement and Building Association, 128 Texas 97, 95 S. W. (2d) 1307; Speer's Law of Marital Rights, (3d ed.) Sec. 184, p. 248. As Mrs. Braswell was not a party to the proceedings in bankruptcy, her interests in the property were in no way affected by the orders of the court of bankruptcy, and Jasper State Bank acquired by its purchase and

under the trustee's deeds only the interests of the two Ortons. Foster v. Christensen, (Com. App.) 67 S. W. (2d) 246.

■ The general rule in this State and in other jurisdictions is that a mortgagee lawfully in possession has the right to retain possession until his debt is paid. Duke v. Reed, 64 Texas 705, 715; Browne v. King, 111 Texas 330, 336, 235 S. W. 522; Hannay, Admr., v. Thompson, 14 Texas 142; French v. Grenet, 57 Texas 273; Calhoun v. Lumpkin, 60 Texas 185; Rodriguez v. Haynes, 76 Texas 225, 13 S. W. 296; Mozoch v. Sugg, (Com. App.) 254 S. W. 770; Baker v. Collins, 4 Texas Civ. App. 520, 23 S. W. 493; Hays v. Tilson, 18 Texas Civ. App. 610, 45 S. W. 479 (application for writ of error refused); Vanderwolk v. Matthaei, 167 S. W. 304 (application for writ of error refused); Elliott v. C. C. Slaughter Co., 236 S. W. 1114; Majors v. Strickland, 6 S. W. (2d) 133; Bryan v. Kales, 162 U. S. 411, 16 Sup. Ct. 802, 40 L. Ed. 1020; Stouffer v. Harlan, 68 Kan. 135, 74 Pac. 610, 64 L. R. A. 320, 104 Am. St. Rep. 396; Jaggar v. Plunkett, 81 Kan. 565, 106 Pac. 280, 25 L. R. A. (N. S.) 935; Kaylor v. Kelsey, 91 Neb. 404, 136 N. W. 54, 40 L. R. A. (N. S.) 839; Jones on Mortgages, (8th ed.) Vol. 2, Secs. 886, 887, pp. 219-221.

It is settled also that the mortgagee has the right to retain possession until the debt is paid, even though the debt is barred by limitation. Rodriguez v. Haynes, 76 Texas 225, 232, 13 S. W. 296; Hays v. Tilson, 18 Texas Civ. App. 610, 45 S. W. 479, 481 (application for writ of error refused); Elliott v. C. C. Slaughter Co., 236 S. W. 1114; Note 40 L. R. A. (N. S.) 839, 846; Jones on Mortgages, (8th ed.) Vol. 2, Sec. 886, p. 219; 19 R. C. L. Sec. 105, p. 330. The conflicts in the decisions are in the main with respect to the meaning of the term "lawfully in possession." Who is a mortgagee lawfully in possession to whom the right is given to retain possession until the debt, even though barred, is paid? The opinion of the Court of Civil Appeals quotes a case note in 7 Texas Law Review, p. 170, in which it is said that the decisions in the States following the lien theory of mortgages fall into three groups in their determination of the character of entry necessary to give the status of a mortgagee in possession. In one group possession must be with the consent of the mortgagor, express or implied. In another group the rights of a mortgagee in possession are extended to one who has peaceably and in good faith taken possession under a void foreclosure. In the third group it is enough that the possession be peaceably acquired. The decisions in this State, without conflict, give to a mortgagee in possession with the express or implied consent of the mortgagor the right to retain possession until the debt is paid. Hannay, Admr., v. Thompson, 14 Texas 142; Calhoun v.

Lumpkin, 60 Texas 185; Rodriguez v. Haynes, 76 Texas 225, 13 S. W. 296; Majors v. Strickland, 6 S. W. (2d) 133.

There are statements in the opinion of the Court of Civil Appeals in McCamant v. Roberts, 25 S. W. 731, and in the opinion of the Court of Civil Appeals in Galloway v. Kerr, 63 S. W. 180, indicating that one is not a mortgagee lawfully in possession unless he has acquired possession with the consent of the mortgagor; and in the opinion in Calhoun v. Lumpkin, 60 Texas 185, 190, it is said, with citation of Morrow v. Morgan, 48 Texas 304, that no tender of the debt is necessary where the possession is unlawfully obtained "as by an illegal foreclosure of the mortgage." In McCamant v. Roberts the Court of Civil Appeals after making the statement in the opinion that a mortgagee who takes possession of the land without any authority whatever from the mortgagor can not retain it until the debt is paid, construed the mortgage of an unlocated land certificate and a power of attorney as contemplating that Chamberlain, the mortgagee, should be entitled to possession of the certificate and of the land, when located, until the obligation should be discharged, and, on such construction, held that the possession of the mortgagee and of Roberts was rightful, and affirmed a judgment for title in favor of Roberts, who deraigned title through a sale of the certificate made by Chamberlain's administrator. The Supreme Court reversed the judgment of the Court of Civil Appeals and rendered judgment that Roberts take nothing, holding that he had no title to the land and no right as a mortgagee, because the purchaser at the administrator's sale acquired neither title to the certificate nor the mortgage. Associate Justice BROWN, after so holding, said: "It is not necessary to discuss the rights of a mortgagee in possession." 87 Texas 241, 27 S. W. 86. Thus what the Court of Civil Appeals actually decided was that the mortgagee was rightfully in possession, because the mortgage contemplated that he should have possession, and the Supreme Court neither discussed nor determined any question as to the status or the rights of a mortgagee in possession.

In Galloway v. Kerr, 63 S. W. 180, Swindells, the owner of a city lot, executed two deeds of trust to secure notes for borrowed money, the first to secure a note to Dallas Land and Loan Company and the second to secure a note to Texas Loan Agency, but the second deed of trust became superior by reason of delay in filing the first for record. Galloway became the owner of the note secured by the first deed of trust and purchased the land at trustee's sale. In the suit filed by Galloway to enjoin a trustee's sale under the second deed of trust Texas Loan Agency claimed that it had acquired the rights of a mortgagee in posses-

sion under an agreement with Swindells that he would hold possession of the property as its tenant and pay it the rent. The trial court rendered judgment denying the relief sought by Galloway. The Court of Civil Appeals reversed the trial court's judgment and rendered judgment in favor of Galloway for the title and possession of the property and cancelling the deed of trust of Texas Loan Agency, holding that there was no evidence to sustain a finding that Swindells ever agreed that Texas Loan Agency should take possession of the property and that Texas Loan Agency, if in possession, was not in rightful possession. The Supreme Court reversed the judgment of the Court of Civil Appeals and affirmed that of the trial court after reforming it so as to give judgment in favor of Galloway for the title and possession of the property, subject to the right of Texas Loan Agency to foreclose its deed of trust, under the power therein contained, for the satisfaction of the unpaid balance of its debt. Chief Justice GAINES in writing the opinion of the Court expressed the conclusion that Swindells, after Galloway's purchase, could not have resisted his claim for title and possession and could not confer a better right upon Texas Loan Agency and following the statement of such conclusion said: "It is unnecessary, therefore, to determine whether or not the loan agency became as to Swindells a mortgagee with the right of possession." 94 Texas 641, 647, 64 S. W. 858.

The Supreme Court in Morrow v. Morgan, 48 Texas 304, reversed a judgment of the trial court because that court erroneously construed a mortgage as giving the mortgagee a right of possession. Morrow owned the land subject to a mortgage. At judicial sale, under decree of foreclosure to which Morrow was not a party, Morgan purchased the land. Morrow sued for title and possession, and the trial court rendered judgment in favor of Morgan on its conclusion that he was lawfully in possession and could not be disturbed until the purchase money paid by him had been refunded and the equities of the parties adjusted. The Supreme Court in remanding the cause held that Morgan, on filing proper pleading in the nature of a cross bill, could be subrogated to the rights of the mortgagee to the extent of the purchase money paid at the foreclosure sale and could thus place it in the power of the court to compel the plaintiff to adjust the defendant's equitable claims on the land. This decision does not deny to a purchaser at judicial foreclosure sale, void as to the land owner because he was not a party, the right to compel an adjustment of his equitable claims when the land owner sues for title. On the contrary, it sustains the right by remanding the cause to permit the purchaser by proper pleadings to assert such

right. The state of the pleadings controlled the decision, which was that the land owner, bringing an action in trespass to try title against one who had purchased the land at judicial foreclosure sale to which the land owner was not a party, could not be denied recovery on account of failure to refund or tender the purchase money paid at the sale, in the absence of proper pleading by the defendant alleging his equitable claims. In this view of Morrow v. Morgan, the reference made to it by Chief Justice WILLIE in Calhoun v. Lumpkin, 60 Texas 185, is not to be taken as the expression of an opinion that a mortgagee purchasing at an irregular or void foreclosure sale is to be treated as unlawfully or illegally in possession or that he is to be denied the right under proper pleadings to require payment of the debt in the mortgagor's suit for possession.

■ The several cases above discussed have been reviewed at length because statements in the opinions, when read apart from a consideration of the questions actually decided and without reference to the disposition of the cases finally made by the Supreme Court, appear to be in conflict with the more liberal, and what we believe to be the more equitable, rules of the cases hereinafter cited. It is settled in this State that a mortgagee who has purchased the land at foreclosure sale, irregular or void as to the mortgagor (or as to one having title under the mortgagor), and who has taken possession under and in reliance upon such foreclosure and purchase, may retain possession against the suit of the mortgagor, or one holding under him, until his debt is paid. Hays v. Tilson, 18 Texas Civ. App. 610, 45 S. W. 479 (application for writ of error refused); Vanderwolk v. Matthaei, 167 S. W. 304 (application for writ of error refused); Elliott v. C. C. Slaughter Co., 236 S. W. 1114; Browne v. King, 111 Texas 330, 235 S. W. 522.

In the case first cited Hays, who owned the land subject to a mortgage securing a debt to Tilson, sued for recovery of the land after Tilson had purchased and taken possession under foreclosure proceedings in probate court void as to Hays for want of jurisdiction. Chief Justice TARLTON thus stated the court's decision:

"We think that, as the defendant is in possession, and as the property stands charged with a valid incumbrance in his favor, he is entitled to hold it, under the facts presented, without reference to the legality of the proceedings under which he obtained possession. The plaintiff is in no condition to invoke the statute of limitations, which is not applicable against the equities of Tilson. Hays should pay the debt, to entitle him to recover the

land, burdened with a just incumbrance. We regard this conclusion as a fair implication from the doctrine announced in Northcraft v. Oliver, 74 Texas 162, 11 S. W. 1121, and cases there cited. The plaintiff should be required to redeem, as a condition of recovery."

In Browne v. King (supra), Jose Acebo owned a tract of land subject to a mortgage which was foreclosed by Mrs. King, the mortgagee, in a suit to which Acebo was not made a party. Milmo National Bank purchased the land at foreclosure sale and sold it to Mrs. King, who went into possession. Dimas and Joseph Acebo, having acquired the Jose Acebo title, filed suit against Mrs. King for the land, and after she had settled with them Browne intervened, asserting ownership of an interest in the land acquired by contract with the Acebos. The Supreme Court affirmed the trial court's judgment that Browne take nothing by his suit, on two grounds; the first being that Mrs. King in her settlement with the Acebos acquired the legal title without notice of Browne's right; and the second being that Browne, under his pleading, was not entitled to recover, in that he made no offer to pay the debt but sought judgment for the land without its payment. Chief Justice PHILLIPS, writing the opinion so holding, said that Mrs. King was a mortgagee in possession who could in no event be dispossessed by Browne without payment of the mortgage debt. Mrs. King was accorded the right of a mortgagee lawfully in possession, although she held and possessed the land under conveyance from the Milmo National Bank, the purchaser at the sale in Mrs. King's foreclosure suit, "which did not affect the title of the Acebos, since the then holder of the title was not a party to the suit."

The Texas decisions above cited and discussed are in harmony with the general rule. The author of an elaborate note to Kaylor v. Kelsey, 91 Neb. 404, 136 N. W. 54, 40 L. R. A. (N. S.) 839-848, says, with citation of many authorities: "Although considerably modified in some jurisdictions, especially where a third person is the purchaser, it is the general rule that a purchaser at a sale in pursuance of an invalid mortgage foreclosure proceeding, whether he is the mortgagee or a third person, and whether the mortgage constitutes a mere lien on the land or carries the legal title thereto, upon taking possession is entitled to all the rights and is subject to the duties of a mortgagee in possession." The Texas decisions extend the equitable right to third persons, as well as to mortgagees, who purchase at void foreclosure proceedings, by treating the mortgage as still in effect and subrogating the purchaser to the rights of the mort-

gagee to the extent of the purchase money paid at the foreclosure sale. Morrow v. Morgan, 48 Texas 304, 309; French v. Grenet, 57 Texas 273; Northcraft v. Oliver, 74 Texas 162, 11 S. W. 1121; Browne v. King, 111 Texas 330, 336, 235 S. W. 522; Whitney v. Krapf, 8 Texas Civ. App. 304, 27 S. W. 843.

In a well reasoned opinion the Supreme Court of Kansas, in Stouffer v. Harlan, 68 Kan. 135, 74 Pac. 610, 64 L. R. A. 320, extended still further the equitable rule under consideration, reaching the conclusion, as expressed in a later decision by the same court (Jaggar v. Plunkett, 81 Kan. 565, 106 Pac. 280, 25 L. R. A. (N. S.) 935), that "It is not essential to the status of a mortgagee in possesion that possession should be taken under the mortgage, nor with the consent of the mortgagor. It is enough if the possession be peacefully and lawfully acquired. * * * To be legal, the possession must have been taken in good faith, free from deceit, fraud, or wrong, and without violation of any contract relation with the mortgagor." JONES, in his text book on mortgages, adopts this rule, citing the Kansas cases. Jones on Mortgages, (8th ed.) Vol. 2, Sec. 886, p. 219.

■ Careful consideration of the Texas decisions convinces us that they tend to support the more liberal rule quoted from the Kansas case rather than a narrower rule that would regard the possession as lawful only when taken with the consent of the mortgagor or under the mortgage. We believe, however, that it is not necessary for the correct and fair disposition of the instant case to go to the extent of adopting or fully approving the Kansas rule. The equities of the mortgagee as made by the facts of the instant case are not different in principle from those of a mortgagee who takes possession as purchaser in an ineffective foreclosure proceeding purporting and intended to affect the entire interest in the property. Jasper State Bank had a valid lien upon the interests of Mrs. Braswell in the two tracts of land as well as upon the interests of the two Ortons. The foreclosure in the court of bankruptcy was valid as to the interests of the two Ortons, but invalid for want of jurisdiction as to the interests of Mrs. Braswell. The orders of the court apparently authorized the sale of all interests in the two tracts and the trustee's deeds to the bank purported to convey the tracts of land, not merely the undivided interests owned by the bankrupts. The bank in good faith believed that it had acquired full title to both tracts and in that belief went into possession of the property at a time when none of the notes was more than four years past due. It remained in possession, collecting the rents, paying the taxes, insuring and improving the property, with the

knowledge of Mrs. Braswell and with no evidence of objection on her part until all of the notes were barred by limitation. (The bank went into possession August 30, 1932. The first of the notes was four years past due June 18, 1935, and the last October 4, 1935. The suit was filed May 23, 1936.) Then she sued for her interests in the two tracts of land, seeking to recover the same without payment by her of any part of the debt. The case, in our opinion, is clearly one for the enforcement of the equitable rights of a mortgagee lawfully in possession.

This conclusion is supported, not only by the equitable principles controlling the decisions hereinbefore discussed, but also by Duke v. Reed, 64 Texas 705, and Vanderwolk v. Matthaei, 167 S. W. 304 (application for writ of error refused), the important facts of both of which cases are substantially the same as those in this case. In both of those cases the mortgagee in possession was the owner of an undivided interest in the land and asserted title adversely to the owner of the other undivided interest. In both cases it was held that the owner of such other undivided interest could not recover possession until the mortgage debt was paid.

These two decisions answer the position taken by the defendant in error, and approved by the Court of Civil Appeals, that Jasper State Bank should not be regarded a mortgagee lawfully in possession because its possession was not in recognition of the rights of the mortgagor but was hostile to such rights, being in the character of that of a limitation claimant. In neither of the cases was the possession of the mortgagee in recognition of the rights of the mortgagor. The claims of title asserted by Mrs. Duke in the one case and by Matthaei in the other, while in possession, were hostile to the rights of the plaintiffs. Both defendants pleaded and unsuccessfully sought to establish title by adverse possession and yet they were protected against the mortgagors as mortgagees in possession. It is shown by the opinion of the Court of Civil Appeals in Browne v. King (196 S. W. 884, 886) that Mrs. King pleaded limitation of three, five and ten years. While no mention is made of that fact in the Supreme Court's opinion (111 Texas 330, 235 S. W. 522), she was held to be a mortgagee in possession who could not be dispossessed without payment of the debt. Jasper State Bank did not plead limitation. It took possession of the property, collected the rents from it, paid taxes on it, insured and improved it, and claimed to own it, because it believed that it had acquired all interests by its purchase at the sale made by order of the court of bankruptcy. The fact of possession, even if it be so exclusive, so adverse and continued for so long a period that it would

support title by limitation, in no way contradicts the existence of a complete chain of title, nor is it inconsistent with an honest belief in the existence of a good chain of title. Neither the pleading of limitation title nor the holding of possession of a character like that of a limitation claimant makes possession unlawful. A mortgagee in possession should not be deprived of equitable rights because of his assertion of an ownership that he in good faith believes he has acquired.

■■ The rule that the debt, even though barred by limitation, must be paid before the mortgagee lawfully in possession can be dispossessed, appears to conflict with the positive language of Articles 5520 (as amended by Chapter 136, Acts Regular Session 42d Legislature, p. 230), 5521, 5522 and 5523, Revised Civil Statutes of 1925, to the effect that notes secured by liens on real estate shall be conclusively presumed to be paid four years after maturity and that the lien shall thereupon cease to exist, unless the debt and the lien are extended by written agreement acknowledged and recorded. But these articles have been construed as not affecting in their literal strictness rights and agreements as between the mortgagor and the mortgagee. It is held that they are intended primarily for the protection of third persons who may acquire liens on, or purchase, the mortgaged premises more than four years after the maturity date shown in the mortgage and while there appears of record no extension agreement. Watson v. First National Bank of Coleman, (Com. App.) 285 S. W. 1050; Jolly v. Fidelity Union Trust Co., 118 Texas 58, 298 S. W. 530, 10 S. W. (2d) 539; Wilkinson v. First National Bank of Crosbyton, 118 Texas 202, 13 S. W. (2d) 346; Novosad v. Svrcek, 129 Texas 34, 102 S. W. (2d) 393. While these articles are in a sense registration statutes, they are in general sense and purpose statutes of limitation. Watson v. First National Bank of Coleman, supra. The lapse of time does not satisfy the debt, and although the debt and lien may be barred by limitation, the moral obligation will support an agreement renewing the debt and reviving the lien. Stone v. Jackson, 109 Texas 385, 390, 210 S. W. 953; Bellamy v. Oklahoma Farm Mortgage Co., (Com. App.) 278 S. W. 180. A defendant may be deprived of the protection of the statute of limitation on account of his fraud, not discovered by the plaintiff, or because of his concealment of the facts material to the plaintiff's cause of action. Texas & Pacific Railway Co. v. Gay, 88 Texas 111, 30 S. W. 543; El Paso Electric Co. v. Raynolds Holding Co., 128 Texas 495, 100 S. W. (2d) 97, 100 A. L. R. 744. While the trust relation continues, a trustee will not be permitted to plead limitation against the cestui que trust. Neblett v. Valentino, 127 Texas

279, 285, 92 S. W. (2d) 432; 21 Tex. Jur., p. 389, Sec. 118. From the foregoing illustrations it is apparent that the remedy given by the statutes of limitation is not always available as an absolute right. It is our opinion that the equities of the Jasper State Bank, the valid lien, the unsatisfied debt and possession taken and held peaceably and in good faith under the trustee's sale should not be sacrificed to the plea of limitation.

The pleadings of plaintiff in error and the undisputed evidence place it in the position of a mortgagee lawfully in possession, with the right to defeat defendant in error's suit for title and possession, unless by proper pleadings she indicates a willingness to pay her pro rata part of the debt with adjustment of equities. The judgments of the Court of Civil Appeals and of the district court are reversed and the cause is remanded to the district court with the following directions: If defendant in error does not offer in her pleadings to pay her pro rata part of the debt evidenced by the four notes payable to Jasper State Bank and also one-eighth of the sum of $6,600.00 paid by Jasper State Bank in settlement of the debt to Southwestern Life Insurance Company, with adjustment of equities on account of rents and revenues collected and expenditures made, the district court will render judgment that defendant in error take nothing by her suit. In the event defendant in error does in her pleadings offer to make such payments, the court will, without reopening any of the points settled in this opinion, or the facts on which they are based, render judgment in favor of defendant in error Mrs. Braswell against plaintiff in error Jasper State Bank for the recovery of an undivided one-eighth interest in the Jasper County property and an undivided one-half interest in the Swisher County property, conditioned upon and subject to an adjustment of the mutual demands of the parties as hereinafter indicated. The court will ascertain and charge to Mrs. Braswell her pro rata part of the amount of the debt evidenced by the four notes payable to Jasper State Bank, measured by her interests in and the values of the properties, and also charge to her one-eighth of the sum of $6,600.00 paid by Jasper State Bank in settlement of the debt to the Southwestern Life Insurance Company. It will ascertain the total amount of expenditures made by Jasper State Bank for taxes, insurance and necessary and reasonable improvements upon the property and charge Mrs. Braswell one-eighth of the amount paid on the Jasper County property and one-half of the amount paid on the Swisher County property. It will ascertain the total amount of rents and revenues collected by Jasper State Bank from both properties, crediting Mrs. Braswell with one-eighth of the rents and reve-

nues from the Jasper County property and one-half of the rents and revenues from the Swisher County property. The decree will provide that Mrs. Braswell's interests shall be partitioned and set apart to her only upon payment by her to plaintiff in error of the net amount so ascertained, and further that in the event such payment is not made within a reasonable time, not exceeding thirty days after entry of the decree, such partition of the property shall be made as will compensate plaintiff in error for said net amount out of the share which would otherwise be set apart to Mrs. Braswell; or the court will make such other order as will secure to plaintiff in error payment of the said net amount before defendant in error can obtain her share of the property.

Reversed and remanded with directions.

Opinion adopted by the Supreme Court January 12, 1938.