**BROWN et al. v. BENEFIELD.**

**No. 5654.**

Court of Civil Appeals of Texas. Texarkana.

July 11, 1940.

Rehearing Denied Aug. 1, 1940.

G. W. Lindsey, of Jefferson, for appellants.

Bibb & Bibb, of Marshall, and Shelburne H. Glover, of Jefferson, for appellee.

HALL, Justice.

This is a suit in trespass to try title instituted by Wm. Brown, appellant, against J. H. Benefield, appellee, for title and possession of 29½ acres of land located in Marion County. Appellant alleged: " * * * that during the early part of the year 1927, plaintiff and defendant entered into an oral agreement, or contract of sale, by the terms of which it was mutually agreed and understood by plaintiff and defendant that defendant would sell plaintiff the land in his petition described on a credit for the agreed sum of Four Hundred Dollars ($400.00). Said amount to be evidenced by three Vendor's Lien Notes, to be executed later, in favor of defendant. It was also agreed and understood that plaintiff was to immediately go into possession of said land and improve it at his own expense; that just after, and following said agreement, and in pursuance thereof, plaintiff entered upon and took possession of said land and began clearing same for cultivation, and building fences thereon, and out houses, and built and erected a dwelling house at a considerable expense, for himself and family to live in, and made permanent improvements on said land, all with his own efforts and expense and without cost or expense to defendant; that as soon as said house was completed, plaintiff moved into it with his family, and cultivated and farmed said land during that year, 1927." Appellant alleged further that in the fall of 1927 he paid $65 to appellee as part of the purchase price of said land and gave his vendor's lien notes for the balance; that at the time of the execution of said notes

appellee executed and delivered to appellant a "vendor's lien deed to said land which was left with appellee for safe keeping. * * *" Appellant also alleged that appellee in 1932 dispossessed him, took possession of said land, and "has occupied and used said premises under such unlawful possession since said above date * * *" to appellant's damage in the sum of $11,000. G. W. Lindsey, attorney for appellant, and as assignee of Wm. Brown of an undivided one-half interest in said land, was permitted to intervene. The allegations in said intervention are similar to Brown's and the relief sought is the same.

Appellee in his brief summarizes his answer as follows: "Defendant answered by general denial, plead the several statutes of limitation, including the four-year statute of limitation, and alleged that he made a parol contract with plaintiff, under the terms of which he agreed to sell the land to plaintiff, but further alleged that the plaintiff wholly failed to perform the contract or pay the purchase price, and that by reason thereof the defendant declared the parol contract rescinded and of no further force or effect, and took possession of the land and had had possession of the same for more than five years after the rescission of said parol contract of sale and before this suit was filed."

Trial was to the court without a jury, which resulted in judgment for appellee.

By propositions 1 to 4, inclusive, appellants contend that the trial court committed error in finding as a fact that appellee rescinded the oral contract for sale of said land made with Brown in 1927, which rescission occurred in 1932, and in the conclusions of law based thereon to the effect that Brown through failure to perform said contract had lost his interest in the property in controversy. The above contention sets forth a controlling issue on this appeal. We think it is uncontroverted in this record that appellants' right to this land is based upon oral contract for the sale thereof. It is also undisputed that appellant Brown was to pay a certain amount of money in cash and make notes for the balance of the purchase price before he was to receive a deed to the land. It was appellants' contention, and Brown so testified, that he paid the $100 due in the fall of 1927, executed three notes for the balance of the purchase price, and received from appellee a deed to the land. The deed, Brown testified, he returned to

appellee for safe keeping. Brown testified further that appellee repossessed the land while he was temporarily absent therefrom. Appellee testified that no deed to this land was delivered by him to Brown; that Brown failed to pay the entire cash payment of $100 according to the oral contract; that he abandoned the premises in the early part of 1932, at which time appellee rescinded the contract of sale and repossessed the land. Appellee's possession was uninterrupted from the early part of 1932 until the filing of this suit in November 1938. It is undisputed that appellant Brown has lived only a short distance from this land during this period of time and had actual knowledge of appellee's act of rescission in repossessing said land. The trial court's findings of fact Nos. 1, 2 and sub-section "c" thereunder, 4, 5, 6, and 11, are:

"1. I find that the sole and only claim of the plaintiff and intervenor to the land in controversy is based upon a parol contract of sale of such land between the plaintiff, William Brown, and defendant, J. H. Benefield.

"2. I find that such parol contract for the sale of the land in controversy was made sometime in the spring of the year 1928, and that the material terms and provisions thereof were as follows: . * * *.

"(c) · That said parol contract among other things provided that the plaintiff should immediately take possession of the land and cultivate the same, and if he desired to do so improve the same, but with the understanding that if the plaintiff failed to pay the $100.00 cash payment when it was due, plaintiff would have no rights whatsoever under the contract and defendant Benefield would have the right to repossess the land, and plaintiff would lose the amount which had been paid and any improvements plaintiff might have made upon the land, same to become the property of the defendant, and to be considered as liquidated damages for plaintiff's failure to perform the contract."

"4. I further find that the plaintiff had failed to make the cash payment of $100.00 at the time the same became due, and that the defendant Benefield thereupon verbally agreed to give the plaintiff until January 1, 1930 in which to pay said $100.00 parol contract.

"5. I further find that the plaintiff failed to pay the $100.00 cash contemplated by the contract on or before January 1, 1930.

"6. I find that during the latter part of January or the first of February 1932, the plaintiff and his family left the land and premises in controversy and were either living with or visiting the mother of the plaintiff's wife, where they remained for several weeks, and that after plaintiff had left the land as stated and at a time when plaintiff was not in possession of or occupying the land, defendant Benefield rescinded the contract and declared the same cancelled and repossessed the land, and rented it to a tenant who cultivated it during the year 1933."

"11. I further find that although the defendant did not give to the plaintiff William Brown any form of written or verbal notice of his rescission of the parol contract of sale, which occurred in the latter part of January or the first part of February 1932, that nevertheless the said J. H. Benefield openly and visibly took possession of the land and premises at such time and that the plaintiff actually knew of such fact, and that the said J. H. Benefield placed a tenant on said land immediately after repossessing the same, and that said tenant farmed and cultivated the land in 1932 and 1933, and that said J. H. Benefield had another tenant farm and cultivate said land in 1936 and 1937, and that the plaintiff William Brown lived in the immediate vicinity of the land and knew that the parties were farming and cultivating said land as tenants of J. H. Benefield, and that the said William Brown had actual notice at the time that J. H. Benefield repossessed the land in controversy."

Although appellants except to and criticize these findings as being without support in the evidence, we find the very opposite to be true. Not only those copied above, but all the findings of fact filed by the trial court, have ample support in the evidence and are hereby adopted by us. The trial court's conclusion of law No. 1 is: "I find that as a matter of law the plaintiff through failure on his part to perform the parol contract of sale acquired no right, title, interest or estate in and to the property in controversy under the terms of the parol contract of sale, and is therefore not entitled to the relief sought." Unquestionably the parol contract for the sale of this land was executory in nature and subject to be rescinded by appellee upon a breach thereof by Brown, unless some circumstance was present which would render it inequitable to do so. Lipscomb v. Fuqua, 103 Tex. 585, 131 S.W. 1061. In Bush v. Merrill, Tex.Com.App., 206 S.W. 834, 838, the Commission of Appeals held: "It is too well settled in this state to require authorities that, when the purchaser in an executory contract has made default in the payment of purchase money, the vendor may at his election rescind the contract." See also Barker v. Temple Lumber Co., 120 Tex. 244, 37 S.W.2d 721; Tilley v. Kangerga, Tex.Civ.App., 83 S.W. 2d 787, writ refused. So, whatever rights appellant Brown might have had under the executory parol contract for the sale of this land, they were extinguished by the rescission of appellee when he repossessed said land in the spring of 1932 after Brown had defaulted in the payment of the first $100 of the purchase price. And especially is this true when it is shown by the court below, in his finding of fact No. 12, "that no tender or offer to perform the parol contract has ever been made by plaintiff (appellant) William Brown to the defendant (appellee) at any time and that no tender or offer to perform is included in the plaintiff's (appellant's) pleadings in this cause." In other words, no offer to pay the indebtedness owing appellee as the purchase price for his land was proposed by appellants either in their pleadings or proof. Jasper State Bank v. Braswell, 130 Tex. 549, 111 S.W.2d 1079, 115 A.L.R. 329, and authorities there cited; Barker v. Temple Lumber Co., supra.

It is our opinion that conclusion of law No. 1 of the trial court, set out in this opinion, is clearly correct, and our conclusions reached here render unnecessary the discussion of the other propositions brought forward.

The judgment is in all things affirmed.