**TYLER et ux. v. HENDERSON et al.**

No. 14368.

Court of Civil Appeals of Texas.
Fort Worth.

April 17, 1942.

Rehearing Denied May 29, 1942.

Theo Koenig and M. Kleberg, both of Fort Worth, for appellants.

Lem Billingsley, of Fort Worth, for appellees.

SPEER, Justice.

This is an action in equity by J. D. Tyler and wife, whom we shall refer to as plaintiffs, against L. A. Henderson and C. E. Sykes, as partners, doing business in the trade name of Chickasaw Lumber Company, whom we shall refer to as defendants, presented in form of a bill of review, to set aside a judgment theretofore entered by the 17th District Court of Tarrant County, in cause No. 26115-A in favor

of the above named defendants against the named plaintiffs.

Plaintiffs' petition covers 35 pages of the transcript, and while it contains much that would seem unnecessary, in cases of this character a necessity exists for recitations of pleadings, issues and proceedings had in the former suit and therefore we are not criticising its length in this case. It is disclosed that defendants in this suit sued the plaintiffs here on a note alleging that it was secured by a mechanic's lien on Lot 11, Block 66, Morgan Heights Addition to the City of Fort Worth; that on September 16, 1939, counsel for defendants in that suit filed answer and had the case put on the jury docket. The substance of the answer is pleaded; that counsel who filed the answer, because of other pressing business matters, resigned their employment on September 29, 1939, and on the next day plaintiffs employed another attorney and left the case with him for attention; on November 18, 1939, the last employed counsel resigned and so advised plaintiffs. The case was set by the court, along with other cases, for trial on November 20, 1939. It appears that all cases to be tried during a particular week are set for the first day of the week. November 20, being on Monday, plaintiffs went to the office of another attorney for the purpose of employing him and he was out of the city and an associate of that attorney, as a matter of courtesy, went with plaintiffs to the trial judge and advised him of the situation, and the trial court advised them that because of the condition of the docket, it was doubtful if the case would be reached until the end of the week. The attorney whom plaintiffs had intended to employ returned to his office on November 21 (but it does not appear that he was ever employed), and it is alleged that he made inquiry on that and each succeeding day of the week as to the status of the docket and the probabilities of the case being reached for trial, and was advised it would not be reached. It is alleged that plaintiffs employed another attorney on the 23rd day of November, who assured them that he would attend to their case. It was alleged that one of the plaintiffs spent each day of the week of November 20th in the 17th district court room, frequently inquiring when his case would be reached for trial. Allegations are made that judgment was entered in said cause No. 26115-A on No-

vember 22, 1939, in favor of plaintiffs in that case (defendants here) against defendants in that case (plaintiffs here) and that they did not know it until they saw a notice to that effect in the newspaper on December 1, 1939. The petition for review sets out the judgment as entered. Plaintiffs conferred with their last employed counsel, who told them that he would promptly file a motion for new trial, and did so on that date. The motion so filed is likewise set out in the petition. It recites in detail much of what is above mentioned as to the many acts of plaintiffs to procure and be represented by counsel at the trial. The motion for new trial was set down by the court for hearing on December 19, 1939, and counsel for plaintiffs in that suit wrote these plaintiffs of the setting; that these plaintiffs notified their then counsel of the notice and were assured by him that he would look after it; much is alleged of matters that took place between plaintiffs and their counsel regarding the hearing on the motion, such as that counsel had advised them that he had gone to the court room on the date set for hearing and that the judge was ill and that no matters would come up until the judge returned to the court, and that counsel had kept in touch with the district clerk's office each day to learn if the judge had returned. That relying upon their misplaced confidence in their attorney, they were lulled into security, and that he failed to look after said hearing on the motion; that the minutes of the court show the motion was overruled on December 19th, and they knew nothing about it until February 14th, 1940, when the Constable advised them that he held a writ of possession for the property upon which the plaintiffs in cause No. 26115-A had foreclosed a lien in the judgment of November 22, 1939.

There are additional allegations made at great length to the effect that but for the matters and things previously set out plaintiffs would have appeared at the trial and presented their defense set out in their answer and would have amended their said answer and set up new and additional defenses to the action against them. They also allege that the judgment so entered on November 22, 1939, was void or at least voidable because there was no evidence to support it, the particulars of which are alleged in detail, and for the further reason, they having filed an an-

swer, no default judgment could be taken against them.

Defendants in this suit answered with general demurrer, special exceptions and by special pleas to the effect that their judgment of foreclosure, under which the property was sold out by the constable and purchased by them, was subject to a prior valid and subsisting lien on the property, secured by a deed of trust, and that the first lien debt was past due and unpaid in the principal sum of $700, besides accumulated interest and taxes against the property; that to protect their own interest and their title procured under their foreclosure sale they subsequently and prior to the institution of this suit, purchased said original indebtedness and the first and superior lien securing same, and had the property sold by a regularly appointed substitute trustee, and purchased it at trustee's sale, procured a deed therefor, and went into possession.

Chickasaw Lumber Company, a corporation, procured leave of court and intervened in this suit, adopting the pleadings and answer of defendants, alleging that it had procured its charter subsequent to the acquisition of title to the property in controversy by its predecessors in title (the named defendants in this suit) and held a deed of conveyance from them for the property in controversy; the corporation filed a cross-action against plaintiffs in this suit, in form of trespass to try title pleaded in the usual form of such actions.

Plaintiffs here answered the cross-action, with a plea in abatement, and not guilty.

The court having sustained the general demurrer to the petition for review, and after overruling the plea in abatement, tried the case, without the intervention of a jury, upon the intervener's cross-action and the answers thereto.

The judgment entered recites the hearing by and the rulings of the court on the general demurrer and the plea in abatement, and in proper form decreed that intervener should recover the title as against cross-defendants (plaintiffs in the action ·for review). Exception was taken to the judgment and appeal perfected to this court. Points relied upon for reversal are substantially: (1) Error in sustaining the general demurrer; (2) error in overruling the plea in abatement; and (3) error in rendering judgment for the corporation, intervener. There is a question raised about another intervener, but he recovered nothing under the judgment, and we attach no importance to it.

As we view this whole record, all matters complained of in the petition, as having transpired prior to December 1st, when the motion for new trial was filed, may be disregarded in determining the sufficiency of the pleadings for the bill of review as against the general demurrer. The petition discloses that the motion stated: "Defendants have a meritorious defense to the cause of action alleged in plaintiff's petition." Under this allegation, many of the matters and things hereinabove mentioned relating to the diligence of plaintiffs to be represented at the trial are stated as grounds for new trial. No allegation of fact is disclosed, as constituting plaintiffs' "meritorious defense", as set out by the conclusion above quoted. It is alleged that the court set the motion for hearing on December 19th, and that counsel for plaintiffs in that suit notified these plaintiffs (defendants there) in writing of such setting. The procedure in the 17th district court is controlled by our Special Practice Act, Article 2092 R.C.S., Vernon's Ann.Civ.St. art. 2092. Under Section 29 of that Act, the motion was filed in ample time for consideration. Allegations are made that plaintiffs' counsel stated to them that he was present in the 17th district court· on the date set for hearing the motion, and reported to plaintiffs that the judge was ill and that no hearing on the motion would be had until the judge returned, and that their counsel also told them he would keep in touch with the court each day until the motion was disposed of. Notwithstanding all this, the petition discloses that the court did in fact overrule their motion for new trial on December 19th (the day set for a hearing thereon). The order overruling the motion is not in the record, but plaintiffs allege that it was overruled because not signed by either the plaintiffs or their counsel, and because the motion alleged grounds not shown in the record and it was not sworn to by anyone. Plaintiffs were chargeable with notice of orders and decrees made by the· court in their case, especially when entered, as was this ·one, on the date set for action thereon, with notice to plaintiffs of such setting. · Plaintiffs and their counsel must· have known that they had ·not made any agreement in writing that the hearing could be heard at a date later than 45 days after filing

the motion (Section 28, Art. 2092), and that absent such an agreement the motion would be overruled by operation of law at the expiration of 45 days thereafter. This time expired long before they claim they learned of the order overruling the motion, on February 1, 1940. The petition fails to allege sufficient diligence by plaintiffs or their counsel in ascertaining the disposition made by the court of the motion for new trial. By the exercise of the diligence required of them and their counsel, they would have known of the order overruling the motion, and would have had their ample and adequate remedy of law to perfect an appeal therefrom. There are no allegations of collusion or connivance between plaintiffs' counsel and the plaintiffs or their counsel in that suit. Indeed, there is no allegation made by plaintiffs that plaintiffs or their counsel in cause No. 26115-A practiced any fraud or deception on them, which resulted in their failure to present their defenses, or from presenting their motion for new trial. The allegations found in paragraph 31 of the petition, to the effect that plaintiffs were prevented from presenting their defenses because of the fraud practiced upon them by defendants, is a mere conclusion, in the absence of an allegation of some fact in support of it, and amounts to no allegation thereon. 35 Tex.Jur., p. 558, § 123. We have taken full cognizance of the well settled rule that, as tested by general demurrer, the allegations of a pleading will be taken as true and the court will indulge all reasonable intendments of the pleader based upon the language used; but the application of that rule will not relieve the plaintiffs in this case of their duty to properly pursue their legal remedy of prosecuting their rights under the motion for new trial and, if overruled, to appeal and make an effort to have their rights established.

Among the cases cited by plaintiffs to sustain their contention that the negligence of their attorney in failing to properly look after a hearing on the motion for new trial, is that of Connell v. Nickey, Tex.Civ.App., 167 S.W. 313, writ refused. In that case, the court recognized the general rule that acts and derelictions of a litigant's attorney were attributable to him, yet the complaining party was permitted to recover in a case on review because his attorney had advised him that his case had been settled and it would be unneces-

sary for him to appear; that said statement by the attorney was untrue and constituted a legal fraud on the client. But a careful reading of the opinion will show that the plaintiff in the judgment attacked filed an action in personam and later amended and prosecuted an action in rem without notice to the defendant and that without such notice the defendant was deprived of his opportunity to defend it. It was held that the manner in which the judgment was taken after the amendment without notice refuted the imputation of negligence of defendant in failing to present his defenses.

As we gather from the petition, plaintiffs charge that they were deprived of their right to appear and present their grounds for new trial because of the negligence of their counsel in failing to represent them at said hearing. These charges alone are insufficient to entitle them to the relief sought. Proper attention by counsel would have saved their remedy of appeal, if the court had overruled the motion as the records show he did. 25 Tex. Jur. p. 614, § 206. The rule announced has been consistently followed by our courts. Wear v. McCallum, Judge, 119 Tex. 473, 33 S.W.2d 723; Reynolds v. Volunteer State Life Ins. Co., Tex.Civ.App., 80 S.W. 2d 1087, writ refused, and cases there cited.

It is urged by plaintiffs that defendants acquired no title to the real estate involved by virtue of the constable's deed when he sold the lot under the order of sale, for the reason the officer's return showed impossible dates as to when the order of sale came to his hands, the dates on which the property was advertised and the date on which he made the sale to defendants. A photostatic copy of the return shows the dates referred to are "19340" and that they were filled in with typewriter on a form which had printed on it, "193—" and "40" was written in the blank space. This contention is urged perhaps to show that defendants having purchased the property under that sale, their possession thereafter was unlawful. It is said in 18 Tex.Jur. p. 754, § 183: "The regularity of the sheriff's return is not essential to the validity of a sale under execution and the title of the purchaser does not depend thereon. * * * In fact an entire failure to make a return does not affect the sale." The last expression of the quotation is based upon the holding in

Griggs v. Montgomery, Tex.Civ.App., 22 S.W.2d 688, in which that court cited Willis v. Smith, 66 Tex. 31, 17 S.W. 247.

The petition for review further charges that the judgment in cause No. 26115-A is void because rendered by the court on plaintiffs' default, when they had filed an answer, and that since they had filed an answer no default judgment could be properly entered against them, because of the provisions of Article 2154, R.C.S.

By the petition it is disclosed that plaintiffs filed an answer, containing a general denial and a special plea of the intention of the parties relative to what property should be covered by the lien sought to be foreclosed. There were no allegations which would have authorized the admission of testimony to vary the terms of the written instrument sued on and the answer must be construed as one of general denial. Plaintiffs' allegations show the case was placed on the jury docket, obviously for trial upon fact issues. The petition sets out the judgment as entered. It recites in substance that the case came on regularly for trial on November 22, 1939, and that plaintiffs (in that suit, but defendants here) appeared and announced ready for trial and that "defendants (plaintiffs in this action) and each of them, having been duly cited in the manner and for the length of time required by law to appear and answer herein, and having filed their answer herein, came not but each made default herein; thereupon came a jury of good and lawful men, who were duly empaneled and sworn, and after hearing the pleadings and argument of counsel, returned the following verdict under instructions of the court: "Then follows the verdict finding for the plaintiffs in that cause. Concluding with judgment in favor of the plaintiffs against the defendants (in that suit) for debt and foreclosure of the lien on the lot in controversy. This was not a default judgment in violation of the statute above cited. The court had jurisdiction of the parties and the subject matter. We must give verity to the judgment of the court having such jurisdiction; we will not construe its language so as to destroy its legal effect; we will not presume that no evidence was heard by the court and jury when that fact is not negatived by the language of the judgment; its omission to recite that evidence was heard will not be construed to mean that none was heard. There would have been

no occasion for empaneling a jury except to determine the facts, and the facts could only be presented by testimony. We do not construe the language in the judgment that each of the defendants made default, when it had previously recited that they had filed an answer, to mean that a default judgment was entered in the case. To give effect to the evident language of the judgment, considered as a whole, it means no more than that when the case was called for trial the defendants were not present to resist plaintiffs' alleged cause of action. Viewing the petition in this case as a whole, we have concluded that it failed to state a cause of action for the equitable relief sought, and the points presenting alleged error in sustaining the general demurrer must be overruled.

This brings us to a consideration of the point charging error in overruling the plea in abatement. This plea consists of allegations that the Chickasaw Lumber Company, a corporation, should not have been allowed to intervene and file its cross-action for recovery of the property, in this trial for the equitable relief sought by plaintiffs. The intervener alleged that it had been chartered subsequent to the time Henderson and Sykes, co-partners doing business as Chickasaw Lumber Company, recovered judgment in cause No. 26115-A, and acquired the title to the property involved under constable's sale, as well also the title from a substitute trustee's sale under a first and prior lien debt, which we have referred to above.

The intervener adopted the pleadings of its co-defendants as against plaintiffs' alleged right to have the judgment in cause No. 26115-A reviewed, and because it succeeded the defendants in the suit at bar, in title and possession, it should recover the title as against plaintiffs' contention that the original judgment should be set aside and judgment be entered on this hearing in their favor.

There is no contention made here by plaintiffs that the $700 note secured by a valid first and superior lien on the property was not due and owing by them, nor is there any allegation made that they had any legal defense to it. It is urged, however, that the sale made by the substitute trustee was void because there was no legal appointment or designation made substituting him for the trustee named in the deed of trust. Whether or not one

acting under a written power of attorney from the owners of the note and lien could legally appoint a substitute trustee, as was attempted in this case, becomes immaterial on the point here involved. The intervener was in lawful possession of the property under the sale made in virtue of the foreclosure proceedings in cause No. 26115-A, and irrespective of the validity of the sale made by the substitute trustee, the intervener would be entitled to retain title and possession as against plaintiffs in the absence of a tender of payment of the admittedly valid debt and lien under which sale the intervener also claimed. This rule is definitely settled by the Supreme Court in Jasper State Bank v. Braswell, 130 Tex. 549, 111 S.W.2d 1079, 115 A.L.R. 329. It would be an idle gesture to grant plaintiffs a review of the judgment attacked by them and to even enter judgment on such review in their favor when such title as they may thus recover has been taken away by a sale under a prior and superior debt and lien, assuming that such sale made by the substitute trustee was valid.

We conclude that no error is shown in sustaining the general demurrer, nor in overruling the plea in abatement, and that judgment was properly rendered for intervener. The judgment of the trial court should be and is therefore affirmed.